HARTLEY ET AL., APPELLEES, *v.*
BERLIN-MILAN LOCAL SCHOOL DISTRICT ET AL., APPELLANTS.

[Cite as Hartley v. Berlin-Milan Local School Dist. (1982),
69 Ohio St. 2d 415.]

(No. 81-277—Decided February 26, 1982.)

*Messrs. Shumaker, Loop & Kendrick, Mr. Thomas G.*

*Pletz, Mr. Dennis P. Witherell, Messrs. Murphey, Young & Smith* and *Mr. David J. Young,* for appellees.

*Miller & Fegen Co., L.P.A., Mr. Michael R. Fegen* and *Mr. Richard Grimes,* for appellants.

LOCHER, J. This appeal presents two issues: (1) whether the trial court erred by granting declaratory judgment and injunctive relief for appellees; and (2) whether the trial court erred by overruling appellants' motion for joinder.

*I.*

Appellants argue that the trial court usurped the authority of the local school board and improperly entered a declaratory judgment in favor of appellees. We disagree.

R. C. 2721.03 permits a court to issue a declaratory judgment regarding "rights, status, or other legal relations" under a statute. Boards of education must function within the limited powers granted to them by statute. See *Schwing* v. *McClure* (1929), 120 Ohio St. 335; *Verberg* v. *Bd. of Edn.* (1939), 135 Ohio St. 246. The trial court reviewed the rights of appellees to receive school transportation for their children under R. C. Chapter 3327, the "Fair Busing Law." R. C. 3327.01 provides, in pertinent part:

"In all city, exempted village, and local school districts where resident school pupils in grades kindergarten through eight live more than two miles from the school for which the state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code and to which they are assigned by the board of education of the district of residence or to and from the non-public school which they attend the board of education *shall* provide transportation for such pupils to and from such school *except when,* in the judgment of such board, *confirmed by the state board of education,* such transportation is unnecessary or unreasonable." (Emphasis added.)[1]

Under R. C. 3327.01, therefore, transportation is the rule and payment is the exception.[2] The local school board may not

---

[1] This ground for providing students with transportation clearly differs from the constitutional basis found in *Swann* v. *Charlotte-Mecklenburg Bd. of Edn.* (1971), 402 U. S. 1, and its progeny.

[2] Contrary to appellants' first proposition of law, this preference for transporta-

make this judgment unilaterally. Rather, R. C. 3327.01 requires that the State Board of Education confirm the decision to make payment in lieu of transportation.[3]

In this case, the local school board did not receive a confirmation from the state board.[4] Having failed to do so, the local board did not satisfy one of the conditions for payment in lieu of transportation. Likewise, the trial court found that the other requirements for payment in lieu of transportation had not been met: "Plaintiffs live in homes along the present bus routes; the statutory time, distance, accreditation, and non-discriminatory conditions have been satisfied by Plaintiffs. The School Board * * * cannot be excused from providing busing to the Plaintiffs since the facts herein demonstrate that it is not impractical nor impracticable to provide busing to Plaintiff-children. The School Board's decision not to bus the children does not fall within the exceptions allowed by law."

The Court of Appeals unanimously affirmed the trial court's factual finding as being supported by the manifest weight of the evidence. In accordance with R. C. 2505.31, we will not weigh the evidence. See *G.S.T.* v. *Avon Lake* (1976), 48

---

tion may extend beyond school district boundaries. R. C. 3327.01 requires that the board of education for the local school district provide transportation "to and from the non-public school which * * * [the students] attend * * * ." The General Assembly did not limit this requirement to intra-district transportation.

[3] Similarly, R. C. 3327.02 provides, in pertinent part:

"If the board of education of a local school district deems the transportation, required under any law, of certain children to school by school conveyances impracticable and if it is unable to secure a reasonable offer for the transportation of such children the local board *shall so report to the county board. If the county board deems such transportation* by school conveyance *practicable* or the offers reasonable it shall so inform the local board and *transportation shall be provided* by such local board. If the county board agrees with the view of the local board it is compliance with section 3327.01 of the Revised Code, by such local board if such board agrees to pay the parent or other person in charge of the child for the transportation of such child to school at a rate determined for the particular case by the local board for each day of actual transportation." (Emphasis added.)

The record does not reflect any report to or response from the county board.

[4] The local school board passed a resolution regarding its decision to make payment in lieu of transportation in compliance with Ohio Adm. Code 3301-83-01. Appellants argue, without authority, that this resolution satisfies the statutory requirement for confirmation. We reject this conclusion, however, because neither R. C. 3327.01 nor Ohio Adm. Code 3301-83-01, on their face, suggests this result.

Ohio St. 2d 63, fn. 2, at page 65; *State, ex rel. Pomeroy,* v. *Webber* (1965), 2 Ohio St. 2d 84, 85-86.

Accordingly, we hold that the Court of Appeals correctly affirmed the trial court's granting of a declaratory judgment and injunction in favor of appellees.

## II.

Appellants argue that the trial court erred by refusing to join the parents of children residing in the Berlin-Milan School District and attending other non-public schools. We disagree.[5]

Civ. R. 19(A) provides, in pertinent part: "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among the parties * * * ."[6] We agree with the Court of Appeals that the trial court could (and did) fashion "a complete and appropriate remedy among those already [a] party." Transportation to and from the other schools would provide unique problems. The parents of children attending these other schools, therefore, were not necessary to provide relief in this case.

Accordingly, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY and PATTON, JJ., concur.

HOLMES, J., concurs in the judgment.

KRUPANSKY, J., dissents.

PATTON, J., of the Eighth Appellate District, sitting for C. BROWN, J.

SWEENEY, J. I concur wholeheartedly in the foregoing judgment and opinion. I write separately solely for the purpose

---

[5] Appellants argue that the State Board of Education should be a party to this action. Appellants' written motion in the trial court merely requested joinder of the parents of children attending other non-public schools. Therefore, we need not review this issue. See, *e.g., State* v. *Draggo* (1981), 65 Ohio St. 2d 88, 93.

[6] The record does not indicate that the parents, whom appellants wished to join, affirmatively asserted a claim. Therefore, Civ. R. 19(A)(2) could not serve as a basis for requiring joinder.

of speaking to what I perceive to be an important question not specifically addressed in the majority opinion. This question relates to how a school board is to determine impracticality for purposes of R. C. Chapter 3327.

Appellants and the amicus, Ohio School Boards Association, take the position that the courts below effectively divested the local board of its discretionary authority to determine whether transportation to non-public school pupils is ever impractical if the statutory pre-conditions—accreditation, non-discrimination, and time and distance requirements—are met. I can accept the amicus' proposition that a board may consider factors other than statutory conditions, and appellants' second proposition that a practicality determination includes consideration of economic and logistic feasibility, without disturbing the judgments below because the trial court implicitly and the Court of Appeals explicitly found that the board had abused its discretion in this particular instance. Neither of the lower courts, however, established an analytic framework to determine whether transporting non-public school pupils may ever be impractical. The appropriate test for impracticality, assuming the other statutory pre-conditions are met, should include consideration of, *inter alia:* (1) the cost of providing transportation in terms of equipment, maintenance, personnel, and administration; (2) the number of pupils to be transported to non-public schools; (3) whether the board provides similar or equivalent service to public school pupils, *e.g.,* it may be impractical for a school district operating neighborhood schools to provide bus service for non-public school pupils when it does not provide such service for public school pupils; (4) whether and to what extent the additional service to non-public school pupils unavoidably disrupts current transportation schedules.

The above test for impracticality is consistent with the (inartful) statutory language and provides school boards a modicum of flexibility in transportation matters without losing sight of the underlying proposition, well-stated in the majority opinion, that "transportation is the rule and payment is the exception."

CELEBREZZE, C. J., W. BROWN and PATTON, JJ., concur in the foregoing concurring opinion.

HOLMES, J., concurring in judgment.

I concur in the judgment for the following reasons. R. C. 3327.01 and 3327.02 reasonably must be read in *pari materia* in order to provide an understandable legislative scheme for providing school bus transportation, or monetary payment to the parents in lieu of transportation.

We must start with the premise that, pursuant to R. C. 3327.01, transportation of non-public school pupils in kindergarten through the eighth grade is mandated where such transportation would require no more than 30 minutes travel time from point of collection. The exception to the provision of the actual transportation, or payments in lieu thereof, is "when, in the judgment of such board, confirmed by the state board of education, such transportation is unnecessary or unreasonable."

Where the local board determines that no provision shall be provided for transportation because such, in its view, is unnecessary, the statute provides that the "availability of facilities and distance to the school *shall* be considered." (Emphasis added.) In my view, other factors, including economic feasibility, *may* be considered by the local board, and the state board of education upon review of both the question of the necessity and the reasonableness of making provision for the transportation of the pupils.

R. C. 3327.01 further provides that when a board of education intends to make provision for transportation of pupils, but determines "it is impractical to transport a pupil by school conveyance * * * ," it may pay a parent a sum in lieu of providing such transportation. Following this legislative scheme, R. C. 3327.02 provides that when the board of education deems it to be "impracticable" to provide transportation by school conveyances, and if it is unable to secure a reasonable offer for the transportation of such children, "the local board shall so report to the county board." The section then provides that "if the county board agrees with the view of the local board" payment in lieu of transportation would then be in compliance with R. C. 3327.01.

Here, it is agreed that the Berlin-Milan Local School District board made its independent determination of the impracticality or impracticability (whichever word may be util-

ized would make no difference in this determination since, in my view, the use of the two words was a legislative drafting oversight and the two words should be read and interpreted synonymously). The county board received no report of the local board's determination for its review according to the statute.

This being a declaratory judgment action, the trial court could well have determined that the local board's determination to make payments in lieu of transportation without reporting such determination to the county board would constitute an action contrary to law.

Additionally, the trial court had the original action jurisdiction to take all testimony on the issue of impracticality or impracticability of the local board to provide actual transportation of the pupils. The trial court should never usurp the authority of the school board to make the initial administrative determination, but by statute the court may determine whether the acts of the board were lawful and reasonable and whether the board had abused its discretion. It would appear here that the trial court carried out its allowable statutory function, and that there was no reversible error present.