DURACOTE CORPORATION, APPELLEE AND CROSS-APPELLANT, v. GOODYEAR TIRE & RUBBER COMPANY ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as Duracote Corp. v. Goodyear Tire & Rubber Co. (1983),
2 Ohio St. 3d 160.]

(No. 82-226—Decided January 5, 1983.)

*Messrs. Roetzel & Andress, Mr. Norman S. Carr, Mr. Ronald S. Kopp* and *Mr. Gary W. Spring,* for appellee and cross-appellant.

*Buckingham, Doolittle & Burroughs Co., L.P.A., Mr. Charles E. Pierson, Mr. Orville L. Reed, III,* and *Mr. David W. Hilkert,* for appellants and cross-appellees.

*Per Curiam.* Goodyear appeals to this court and questions the propriety of the remittitur ordered by the court of appeals. Duracote cross-appeals, challenging the holdings of the court of appeals regarding interest and "lost profits" and that court's striking of Duracote's cross-assignments of error. We consider the issues of interest and "lost profits" first.

## I

Duracote contends that its interest and "lost profits" are consequential damages. Professors White and Summers have observed that U.C.C. 2-715(2), which the General Assembly enacted as R.C. 1302.89(B), "imposes

two restrictions on the recovery of consequential damages in addition to the foreseeability requirement: they must be reasonably ascertainable, and the plaintiff cannot recover for losses he reasonably could have prevented." White & Summers, Uniform Commercial Code (2 Ed. 1980), 396, Section 10-4.

The court of appeals reviewed the record and concluded that Duracote's claims for interest and "lost profits" were not consequential damages. Specifically, the court found that "[u]pon settling its claims with Breneman, Duracote was in a position to repay the loan necessitated by Breneman's refusal to pay [Duracote] * * *." Likewise, the court found that "the revenues lost as a consequence of the three-month price delay are attributable to a tactical business decision by Duracote." In both instances, the court of appeals found that Duracote could have prevented both of these losses. "We accept this finding and conform to this court's established practice of not reexamining the facts under these circumstances. See R.C. 2505.31 * * *." *S & M Constructors* v. *Columbus* (1982), 70 Ohio St. 2d 69, 73 [24 O.O.3d 145] (citations omitted in part). See, also, *Hartley* v. *Berlin-Milan Local School Dist.* (1982), 69 Ohio St. 2d 415, 417 [23 O.O.3d 370].

Therefore, we will not disturb the holding of the court of appeals as to interest and "lost profits."

## II

Goodyear's appeal presents one issue: whether the court of appeals properly calculated the remittitur. We hold that the court of appeals erred by subtracting the amount of interest and "lost profits" from the amount which the court of appeals viewed appellee as having proffered in evidence.

It is not the evidence which is the starting point for calculating a remittitur but the *verdict*. Black's Law Dictionary (5 Ed.) defines "remittitur" as "[t]he procedural process by which a *verdict* of the jury is diminished by subtraction." (Emphasis added.) Likewise, Professor Moore has observed that "where reversible error is found in the proceedings below, such as erroneous admission of evidence or erroneous instructions, and the effect of the error can be reasonably approximated to a definite portion of the amount of the *verdict,* the appellate court may condition its affirmance on the plaintiff remitting that amount of the *verdict* which is apparently traceable to the error below." (Emphasis added.) 6A Moore's Federal Practice 59-208, Paragraph 59.08[7].

This court has consistently examined remittitur as a means of reducing *verdicts*. See, *e.g., Chester Park Co.* v. *Schulte* (1929), 120 Ohio St. 273; *Larrissey* v. *Norwalk Truck Lines, Inc.* (1951), 155 Ohio St. 207 [44 O.O. 238]; *Tully* v. *Mahoning Express Co.* (1954), 161 Ohio St. 457 [53 O.O. 354]. "The Court of Appeals has the same unlimited power and control of *verdicts and judgments* as the trial court and may weigh the evidence and exercise an independent judgment upon questions of excessive damages and when no passion or prejudice is apparent may modify and affirm the *judgment* by order-

ing a *remittitur* with the consent of the prevailing party." *Chester Park, supra,* paragraph five of the syllabus. (Emphasis added in part.) We reaffirm that principle today.

The court of appeals erred, therefore, by substituting Duracote's evidence for the jury verdict before calculating the remittitur.

## III

### A

At trial, the court of common pleas refused to submit the issue of punitive damages to the jury. In the court of appeals, Duracote filed a cross-appeal but later withdrew it and moved to file cross-assignments of error, requesting that the trial court submit the issues of punitive damages and attorney's fees to the jury in the event of a new trial. The court of appeals granted Goodyear's request to strike the cross-assignments of error. On cross-appeal in this court, Duracote argues that the court of appeals erred. We disagree.

R.C. 2505.22 provides, in part: "Assignments of error may be filed on behalf of an appellee which shall be passed upon by a reviewing court before a judgment or order is reversed in whole or in part." In *Parton v. Weilnau* (1959), 169 Ohio St. 145 [8 O.O.2d 134], this court construed that provision and held, in paragraph seven of the syllabus: "Assignments of error of an appellee who has not appealed from a judgment may be considered by a reviewing court only when necessary to prevent a reversal of the judgment under review. (Section 2505.22, Revised Code, construed and applied.)" Had the court of appeals upheld Duracote's cross-assignments of error, that court would have had to reverse the trial court and order a finding of fact as to punitive damages and attorney's fees. "* * * [A]n assignment of error by an appellee, where such appellee has not filed any notice of appeal from the judgment of the lower court, may be used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment." *Parton, supra,* at 171. Duracote, in effect, had attempted to use its cross-assignments of error as a sword.

The court of appeals, therefore, properly declined to review Duracote's cross-assignments of error.

### B

Goodyear also filed cross-assignments of error to Duracote's cross-appeal herein, requesting reversal of the holding of the court of appeals allowing Duracote's claims for: (1) interest before the Breneman settlement, (2) "adhesion losses" caused by including scrap in the vinyl film, and (3) defective "roll goods" returned by customers. Duracote argues that this court's holding in *Parton, supra,* requires that we decline to review Goodyear's cross-assignments of error. We agree.

As quoted above, R.C. 2505.22 provides, in part: "Assignments of error may be filed on behalf of an *appellee* * * *." (Emphasis added.) "Those words

indicate the limited purpose to be served by assignments of error by an appellee, where such appellee has *not filed a notice of appeal.*" (Emphasis added.) *Parton, supra,* at 170. Goodyear, therefore, is not eligible to file cross-assignments of error, because it filed a notice of appeal. Likewise, we would reach the same result, because granting Goodyear's cross-assignments of error would require us to reverse the court of appeals. See *Parton, supra,* at 171, Cf. *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, 163 [1 O.O.3d 90].

Accordingly, we affirm in part and reverse in part the judgment of the court of appeals and remand the cause to the court of appeals for further proceedings consistent with this opinion and for a new trial if the remittitur is not accomplished.

*Judgment accordingly.*

W. BROWN, SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

C. BROWN, J., concurs in part and dissents in part.

CELEBREZZE, C.J., dissents.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part. The judgment of the court of appeals is properly reversed as to the erroneous calculation of the remittitur. Our remand of this case to the court of appeals for further proceedings may result in a redetermination by the court of appeals of the amount of the remittitur and an affirmance of the judgment as reduced by the remittitur, provided Duracote accepts such newly calculated remittitur. Should the plaintiff not accept such remittitur then the court of appeals must reverse and order a new trial. In the alternative the court of appeals upon remand might not order a remittitur, but, within its discretion, could properly adhere to its original judgment reversing the trial court and ordering a new trial for error in submitting two items of damages to the jury, namely, interest on a Duracote loan and lost profits.

However, I disagree with Part III A of the opinion which affirms that part of the judgment of the court of appeals which declines to review the assignments of error of Duracote filed in the court of appeals. Duracote is the appellee in both the court of appeals and in this court.

As a result of our decision today the posture of this case is such that by our reversal of the court of appeals *and* remand to it, we are directing the court of appeals to reverse the trial court and to grant a new trial unless the court of appeals recalculates the remittitur and, with the consent of Duracote, affirms the judgment based on the recalculated remittitur. We have, therefore, the equivalent of a reversal by the court of appeals of the judgment of the trial court and a new trial ordered.

Given a reversal of both the court of appeals and the trial court, the ap-

pellee Duracote has the right to review of its assignments of error by the court of appeals without filing a cross-appeal there. This is based upon the statutory mandate of R.C. 2505.22, which provides, in part:

"Assignments of error may be filed on behalf of an appellee which shall be passed upon by a reviewing court before a judgment or order is reversed in whole or in part * * *."[1]

The effect of our reversal of the court of appeals is to create a likelihood that a new trial will occur in the trial court. Appellee should have a right to a ruling on its assignments of error so that the trial court and all litigants in the case will know by guidelines from the reviewing courts what disposition to make of the issues of punitive damages and attorney's fees at the new trial. This conclusion is supported by *Parton* v. *Weilnau* (1959), 169 Ohio St. 145, at 170-171 [8 O.O.2d 134]:

"* * * Obviously this section of the Code [R.C. 2505.22] authorizes the assignment of error filed on behalf of defendant, but it indicates by its words that such an assignment of error 'shall be passed upon * * * [only] before a judgment or order is reversed.' There is nothing in the statute to indicate that such assignments of error shall necessarily be passed upon where, as here, the judgment of the Court of Appeals is being affirmed.

"* * *

"In the instant case, for example, if this court had determined that the Court of Appeals had erred in finding each of the errors that it found as a basis for its reversal of the judgment of the trial court, then, before reversing the judgment of the Court of Appeals, this court would have had to pass upon the assignment of error by the defendant. * * *"

In *Parton, supra,* we were dealing with an assignment of error filed by an appellee in the Ohio Supreme Court, not in the court of appeals, and with an affirmance by the Supreme Court of the judgment of the court of appeals. By contrast, in this *Duracote* case we are dealing with the assignments of error filed by appellee in the court of appeals, not the Supreme Court, and with a reversal of the court of appeals, not an affirmance.

The applicable rationale of *Parton, supra,* requires us to direct the court of appeals to pass upon the assignments of error filed by Duracote. There is good reason for this. In the event of a new trial the trial court will have rules established by the reviewing court to guide it on the issues raised by appellee in its assignments of error. Otherwise the trial court can only guess on the disposition that should be made on the issues of punitive damages and attorney's fees.

Therefore, I concur in the judgment and in the opinion of the court, except for Part III A of the opinion with which I dissent.

---

[1] Also, App. Rule 12 (A) provides in part:

"* * * All errors assigned and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision as to each such error."