OPINION
Plaintiffs Harold R. Moore, Jr., and Debra Moore, appeal a judgment of the Court of Common Pleas of Muskingum County, Ohio, entered on a jury verdict in their favor on their claim for breach of contract brought against defendants Betty W. Daw, Sharon Lotches, and the Estate of Elizabeth Williams. The trial court entered judgment on the jury's verdict in favor of plaintiffs on the breach of contract claim, but remitted the jury award from $535,920 to $155,920. The court had earlier directed a verdict in favor of defendants on plaintiffs' claims of fraud and negligence. Because of the number of parties and complexity of the procedures herein, we will refer to various parties by name hereinafter. The Moores assign eight errors to the trial court:
ASSIGNMENTS OF ERROR
 1. THE TRIAL COURT ERRED IN DIRECTING A VERDICT AGAINST PLAINTIFFS'[SIC] ON THEIR CLAIM IN FRAUD, AND IN FAVOR OF THE DEFENDANTS.
 2. THE TRIAL COURT ERRED IN REDUCING THE JURY'S VERDICT ASSESSING PLAINTIFFS' DAMAGES AT $535,320.00, FROM THE DEFENDANTS, TO $155,920.00 AS SUCH AWARD WAS NOT A RESULT OF PASSION AND PREJUDICE, OR PREJUDICIAL ERROR AND WAS NOT EXCESSIVE.
 3. THE TRIAL COURT ERRED IN RULING THAT . . . PLAINTIFFS' REQUEST FOR PRE-JUDGEMENT INTEREST IS CONSIDERED AND DENIED AS PRE-JUDGMENT INTEREST CANNOT BE AWARDED FOR BREACH OF CONTRACT.
R.C. 1343.03.
 4. THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY IN REGARD TO THE APPROPRIATENESS OF AN AWARD OF PUNITIVE DAMAGES IN A BREACH OF CONTRACT CASE.
 5. THE TRIAL COURT ERRED IN PROHIBITING PLAINTIFFS [SIC] MOORE FROM PRESENTING THE TESTIMONY OF DEBRA MOORE'S TREATING PHYSICIAN UPON THE HOLDING THAT DAMAGES FOR PERSONAL INJURIES ARE NOT RECOVERABLE IN A FRAUD ACTION OR A BREACH OF CONTRACT ACTION.
 6. THE TRIAL COURT ERRED IN DENYING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY'S FEES.
 7. THE TRIAL COURT ERRED IN GRANTING DEFENDANT REAL ESTATE BROKER BAKER SUMMARY JUDGEMENT ON PLAINTIFFS' CLAIM IN NEGLIGENCE AGAINST HER, AND OTHERWISE IN DENYING PLAINTIFFS' A NEW TRIAL ON SAID CLAIM OF NEGLIGENCE.
 8. THE TRIAL JUDGE ERRED IN NOT RECUSING HIMSELF FROM PRESIDING OVER THE JURY TRIAL UPON PLAINTIFFS' MOTION OF JANUARY 30, 1998.
Ms. Daw assigns a single error on cross-appeal:
 THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
Ms. Lotches and the Estate of Elizabeth Williams assign eight errors to the trial court on cross appeal:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT ERRED IN OVERRULING "DEFENDANTS SHARON LOTHES AND THE ESTATE OF ELIZABETH M. WILLIAMS' MOTION TO DISMISS PLAINTIFFS' 3RD AMENDED COMPLAINT" AS TO THE BREACH OF CONTRACT AND FRAUD CLAIMS (JOURNAL ENTRY, MAY 1, 1995) A. THE FRAUD CLAIM B. THE BREACH OF CONTRACT CLAIM
ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT ERRED IN OVERRULING "DEFENDANT LOTHES" REQUEST TO CONDUCT STATUS CONFERENCE RATHER THAN PRETRIAL CONFERENCE AND MOTION TO RECONSIDER PREVIOUSLY OVERRULED DISPOSITIVE MOTIONS OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE NEW DISPOSITIVE MOTIONS: AND ORDERING, IN ITS JOURNAL ENTRY OF SEPTEMBER 19, 1997, THAT NO MOTIONS FOR RENEWAL OF TIME TO FILE DISPOSITIVE MOTIONS WERE TO BE FILED AND ORDERING CROSS-APPELLANTS TO PROCEED TO TRIAL ON CROSS-APPELLEES' FRAUD AND BREACH OF CONTRACT CLAIMS, NOTWITHSTANDING THIS COURT'S EARLIER OPINION OF AUGUST 20, 1996, IN HAROLD R. MOORE, JR., ET AL V. BETTY W. DAW, ET AL. CASE NO. CT95-20 THAT "BASED UPON APPELLANT'S KNOWLEDGE, WE FIND APPELLANT CANNOT ESTABLISH THE FIFTH ELEMENT [OF A FRAUD CLAIM] OF JUSTIFIABLE RELIANCE" AND "WE FIND THE TRIAL COURT WAS CORRECT WHEN IT APPLIED THE DOCTRINE OF CAVEAT EMPTOR," WHICH HOLDINGS WERE BINDING UPON THE TRIAL COURT UNDER THE DOCTRINE OF THE LAW OF THE CASE.
ASSIGNMENT OF ERROR NO. III
 THE TRIAL COURT ERRED IN OVERRULING "DEFENDANTS' MOTION IN LIMINE, TO EXCLUDE ALL EVIDENCE PERTAINING TO PLAINTIFFS' CLAIMS FOR FRAUD," IN OVERRULING CROSS-APPELLANTS' OBJECTIONS TO CROSS-APPELLEES' COUNSEL'S STATEMENTS, IN HIS OPENING STATEMENT, REGARDING FRAUD, AND IN OVERRULING CROSS-APPELLANTS' OBJECTIONS, DURING CROSS-APPELLEES' CASE IN CHIEF, TO EVIDENCE OF FRAUD.
ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED IN OVERRULING CROSS-APPELLANTS' MOTIONS FOR DIRECTED VERDICT, MADE AT THE CLOSE OF CROSS-APPELLEES' CASE IN CHIEF, AND AGAIN FOLLOWING THE CLOSE OF THE EVIDENCE, AS TO CROSS-APPELLEES' BREACH OF CONTRACT CLAIM.
ASSIGNMENT OF ERROR V
 THE TRIAL COURT ERRED IN OVERRULING "DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL WITH RESPECT TO PLAINTIFFS' BREACH OF CONTRACT CLAIM," AND NOT GRANTING CROSS-APPELLANTS A DEFENSE JUDGMENT.
ASSIGNMENT OF ERROR NO. VI
 THE TRIAL COURT ERRED IN OVERRULING "DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL WITH RESPECT TO PLAINTIFFS' BREACH OF CONTRACT CLAIM," AND NOT GRANTING CROSS-APPELLANTS A NEW TRIAL.
ASSIGNMENT OF ERROR VII
 THE TRIAL COURT ERRED IN HOLDING THAT CROSS-APPELLEE HAROLD R. MOORE, JR. WAS A REAL ESTATE AGENT REPRESENTING HIMSELF AND HIS SPOUSE, CROSS-APPELLEE DEBRA MOORE, AND REFUSING TO DECLARE THAT CROSS-APPELLEE HAROLD R. MOORE, JR., AS A REAL ESTATE AGENT ASSOCIATED WITH APPELLEE WILFRED C. BAKER 
ASSOCIATES, INC., THE LISTING BROKER, WAS AN AGENT FOR CROSS-APPELLANTS, WHO WERE THE SELLERS OF THE REAL PROPERTY WHICH WAS THE SUBJECT OF THE ACTION.
ASSIGNMENT OF ERROR NO. VIII
 THE TRIAL COURT ERRED IN HOLDING THAT CROSS-APPELLANT HAROLD R. MOORE, JR., WAS NOT ENGAGED IN ANY UNLAWFUL DUAL AGENCY.
This action concerns the sale of real estate in Zanesville, Muskingum County, Ohio. The property was owned one-half by the estate of Elizabeth Williams, one-quarter by Betty Daw and one-quarter by Sharon Lotches. The owners wished to sell the property, so Betty Daw, a licensed real estate agent, listed the property with Wilford Baker Associates Real Estate Brokerage as listing agent on behalf of the owners. In January of 1991, Harold Moore, also a licensed real estate agent, on behalf of himself and his wife, negotiated a purchase agreement for the property. Pursuant to paragraph eight of the real estate purchase contract the sellers were obligated to furnish the Moores with an inspection by licensed exterminators stating the property is free of infestation or damage by wood destroying insects. The sellers obtained an inspection from Professional Pest Control Associates, and Betty Daw telephoned the Moores and orally reported the results of the inspection. Daw told Moore the report revealed evidence of prior termite treatment but discovered no termites. Moore testified Daw stated "all was clear", but Daw was unable to recall the exact words she used. The Moores did not request a written report, and the sellers did not furnish it before or at the closing, which was held on February 1, 1991. Prior to occupying the house, the Moores began to remodel it. The Moores never occupied the house. On March 4, 1991, the Moores' contractor discovered massive structural damage with live termite infestation. The infestation was so extensive the house was demolished. In discovery, the Moores learned the home had been inspected on at least twelve occasions from 1984, and treated at least four times. The Moores brought this action against Daw, Lotches, and the Estate of Elizabeth Williams for breach of contract, fraud, and negligence. Before addressing the various assignments of errors, it is appropriate for this court to review the special issues raised on remittitur. In its judgment entry of May 1, 1998, the court discussed motions for judgment not withstanding the verdict for a trial, and for remitter. The court correctly noted remitter is a procedural process whereby jury verdicts are reduced. The court cited Duracote Corporation v Goodyear Tire Rubber Company (1983), 2 Ohio St.3d 160. In Duracote, the court of appeals ordered a remittitur. The Supreme Court noted the court of appeals has the same power and control of verdicts and judgments as the trial court and may exercise its independent judgment on a questions of excess damages. Duracote goes on to state if no passion or prejudice on the part of the jury is apparent on the record, the court may modify and affirm the judgment by ordering a remittitur with the consent of the prevailing party, Duracote at 186, citing Chester Park Company v. Schulte (1929), 120 Ohio St. 273. If the trial court finds a verdict to be excessive and also the product of passion and prejudice on the part of the jury it must grant a new trial and no remittitur is possible, Larrissey v. Norwalk Truck Lines, Inc. (1951), 155 Ohio St. 207. If the prevailing party refuses to accept a remittitur, then the court shall order a new trial, see e.g. Lance v. Leohr (1983), 9 Ohio App.3d 297. In reviewing the trial court's judgment, we find the court did not offer the prevailing party here a choice between accepting the remittitur amount or proceeding to a new trial. We are forced to find the order appealed from is not a final order, and we conclude we lack jurisdiction to review the matter at this time. The appeal is dismissed.
By Gwin, J., Wise, P.J., and Reader, V.J., concur