DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from the December 31, 2007 judgment of the Lucas County Court of Common Pleas, journalized on January 7, 2008, which granted summary judgment in favor of appellee, Maumee City School District ("the District"), and against appellants, Ian Mills, through his parent and next friend, *Page 2 
Patricia Lynch, on the parties' cross-motions for summary judgment. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Ian Mills lived within Maumee's school district, but attended St. John's Jesuit School ("St. Johns"), a nonpublic school located outside of Maumee's district, but within 30 minutes travel time and more than two miles from appellants' residence. Since 2005, appellants have sought yellow bus transportation from their home to St. Johns. Initially, the District determined that it would be "impractical" to transport Ian and offered payment in lieu of transportation, which appellants rejected. Following a hearing with the Ohio Department of Education, the District passed the following resolution: "Be it resolved that the Maumee Board of Education, after a fact finding hearing on October 2, 2005 determining that Ian Mills was not impractical for transportation to the St. John's High School, agrees to provide transportation." Although appellant asserts that this resolution states that the District would provide yellow bus service to St. John's, the District provided appellant with a Toledo Area Regional Transit Authority ("TARTA") bus schedule and phone number for TARTA's Call-a-Ride, and instructed appellant to call between 6:00 and 6:15 a.m. every day for transportation.
 {¶ 3} On December 6, 2006, appellants filed a complaint for declaratory and injunctive relief against the District. Appellants argued that Ian met the statutory requirements for actual yellow bus transportation on the District's yellow buses, pursuant to R.C. 3327.01, and that the District had agreed to provide him such transportation, but failed to do so. Appellants asserted that the three hour round-trip bus route on TARTA *Page 3 
was an unacceptable and an improper "alternative means of transportation." Further, because the District provided yellow bus service to other nonpublic schools outside of its geographic limits, appellants argued that the District arbitrarily and capriciously denied Ian transportation equivalent to actual yellow bus transportation and violated his equal rights.
 {¶ 4} For the 2007-2008 school year, the District declared that transportation to St. John's was practical for all 25 Maumee residents attending St. John's. The District offered a route that combined the use of the District's yellow bus service and TARTA bus service. Initially, the District purchased tokens for the students and then purchased passes. Ian's TARTA bus pass was valid from August 28, 2007 through June 4, 2008, Monday through Friday, 6:00 a.m. to 4:00 p.m., and cost the District $1.20 per school day.
 {¶ 5} On August 3, 2007, the parties filed cross-motions for summary judgment. Appellants argued that the District was compelled to provide yellow bus transportation. Specifically, appellants argued that (1) the District agreed to do so in its 2005 Resolution; (2) Hartley v.Berlin-Milan Local School Dist. (1982), 69 Ohio St.2d 415, mandated that "actual school bus transportation" be provided for nonpublic school students; (3) Hartley, rather than Ohio Adm. Code 3301-83-19, controlled because the TARTA time schedule in this case was "not practical"; and (4) even if Ohio Adm. Code 3301-83-19 applied, TARTA, as a "public transit vehicle," was not a reasonable alternative because the changes in TARTA's schedules and routes were beyond the District's control. The *Page 4 
District, on the other hand, argued that TART A, as a "public transit vehicle," was an acceptable method of transportation pursuant to Ohio Adm. Code 3301-83-19(B), and that, pursuant to Hensley v. Toledo AreaRegional Transit Authority (1997), 121 Ohio App.3d 603, the Equal Protection Clauses of the United States and Ohio Constitutions are not violated by a school district providing yellow bus service to some students and public transportation, via TARTA buses, to others.
 {¶ 6} The trial court held on December 31, 2007, that Ohio Adm. Code 301-83-19 allowed the District to use TARTA buses to fulfill its statutory duty pursuant to R.C. 3327.01 to provide transportation for Ian to and from St. John's. Specifically, the trial court held that TARTA was "under contract" with the District to provide Ian transportation because the District purchased TARTA passes, costing $1.20 per pass per day, which were valid from August 28, 2007 through June 4, 2008, Monday through Friday, 6:00 a.m. to 4:00 p.m.
 {¶ 7} Appellants appealed the decision of the trial court and raises the following assignments of error:
 {¶ 8} First assignment of error: "The Maumee District Board agreed and promised by formal board resolution `to provide transportation' to Ian, then reneged on its written resolution and has never fully provided him with its yellow bus transportation. The trial court ignored this issue in its decision, although appellant presented it."
 {¶ 9} Second assignment of error: "The trial court erred in its analysis of Ohio Administrative Code Section 3301-83-19, because TARTA does not meet either of two *Page 5 
separate requirements in the definition of public transit vehicles' stated in OAC 3301-83-19(B)."
 {¶ 10} Third assignment of error: "The trial court erred in failing to address whether the Maumee School District's actions were arbitrary, capricious or unreasonable. The trial court did not consider this issue in its decision, although appellants presented it."
 {¶ 11} This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C).
 {¶ 12} In their first assignment of error, appellants argue thatHartley, supra, establishes that yellow school bus transportation, when it is practical, must be provided for all nonpublic school students. Appellants additionally argue that the District is bound by its promise, made in its 2005 Resolution, to provide Ian with yellow bus transportation. Appellants assert that the trial court erred in failing to address these matters in its decision granting the District summary judgment on appellants' claims.
 {¶ 13} We find appellants' reliance on Hartley to be misplaced. InHartley, the school district offered payment to students in lieu of transportation. The version of R.C. 3327.01 in effect at the time ofHartley stated that school districts shall provide *Page 6 
transportation for pupils, who live within the district and attend nonpublic schools, "except when, in the judgment of such board, confirmed by the state board of education, such transportation is unnecessary or unreasonable." Without confirmation from the state board of education, the school board in Hartley passed a resolution that payment to the pupils would be made in lieu of providing transportation. The Ohio Supreme Court held that school boards "must strictly comply with the requirements of R.C. 3327.01 before making payments in lieu of transportation" and that "[c]hildren who attend a non-public school are entitled to transportation under R.C. 3327.01, unless their circumstances specifically except them under that section."Hartley, 69 Ohio St.2d 415, paragraphs one and two of the syllabus. Contrary to appellants' position, we find that the Ohio Supreme Court never held that yellow buses, rather than public transit vehicles, must be provided. Rather, there was no issue presented in Hartley concerning the use of yellow bus service instead of public transit vehicles. The issue was between providing transportation or payment in lieu of transportation.
 {¶ 14} Additionally, we find that the 2005 Resolution passed by the District does not bind it to provide actual yellow bus transportation to Ian. The District determined that transportation was not impractical and agreed to provide transportation to St. John's. The District did not specify that it agreed to provide any particular method of transportation. As such, we find that Ohio Adm. Code 3301-83-19, which sets forth the types of vehicles authorized to transport pupils to and from school and school-related events, governs the method of transportation the District is required to provide. See *Page 7 Hensley, 121 Ohio App.3d 603. Accordingly, because appellants' arguments with respect to the first assignment of error lack merit, we find that the trial court did not err in failing to address appellants' arguments regarding these issues. Appellants' first assignment of error is therefore found not well-taken.
 {¶ 15} Appellants argue in their second assignment of error that the trial court erred in determining that TARTA was an authorized mode of transportation pursuant to Ohio Adm. Code 3301-83-19. Specifically, appellants argue that TARTA is not "operated on routes designed for the purpose of transporting fare-paying passengers and eligible students simultaneously." In support of this argument, appellant asserts that because TARTA has complete control of its routes and schedules, which are subject to change without notice, the District has no control over designing the routing or scheduling of TARTA for the purpose of transporting fare-paying passengers and eligible students simultaneously. Appellants additionally argue that the District has not contracted with TARTA to supply transportation and, thus, does not meet the definitional requirements of a "public transit vehicle" as set forth in Ohio Adm. Code 3301-83-19(B). We disagree.
 {¶ 16} Ohio Adm. Code 3301-83-19(B) does not require that the school district have control over the design of the routes established by the transit authorities. Rather, Ohio Adm. Code 3301-83-19(B) merely requires that, in order to be considered a "public transit vehicle," the vehicle must be "under contract with a board of education" and be "operated on routes designed for the purpose of transporting fare-paying passengers and eligible students simultaneously." The TARTA vehicles used to transport Ian were not *Page 8 
dedicated solely for student transportation. For example, the morning bus taken by Ian from Southwyck Mall to St. John's was available to all fare-paying passengers and had a regular route and schedule that ran throughout the day. Moreover, the stops made at Southwyck Mall and St. John's were only two of eight stops made by that bus on its regular route. Accordingly, we find appellants' argument to be without merit and find that the TARTA vehicles used for transporting Ian were "operated on routes designed for the purpose of transporting fare-paying passengers and eligible students simultaneously."
 {¶ 17} Additionally, we find that TARTA was "under contract with a board of education," as required by Ohio Adm. Code 3301-83-19(B). A "contract" is "an agreement between two or more persons which creates an obligation to do or not to do a particular thing." Black's Law Dictionary (5 Ed.Rev.1979) 291-292. Ohio Adm. Code 3301-83-19(B) does not specify that the District must have a written contract describing the terms of the students' routes and/or the fair charged to the District. As such, we find that the trial court correctly determined that the District's purchase of a TARTA pass, which allowed appellant to ride any TARTA vehicle during recognized school times, from August 28, 2007 through June 4, 2008, Monday through Friday, 6:00 a.m. to 4:00 p.m., constituted an agreement, between the District and TARTA to provide student transportation, sufficient to satisfy the requirements of Ohio Adm. Code 3301-83-19(B).
 {¶ 18} Accordingly, we find that the TARTA vehicles used to transport Ian were authorized "public transit vehicles," which the District could utilize to fulfill its *Page 9 
requirements pursuant to R.C. 3327.01. See Hensley, 121 Ohio App.3d 603. Appellants' second assignment of error is therefore found not well-taken.
 {¶ 19} Appellants argue in their third assignment of error that the trial court erred in failing to address whether the District's actions were arbitrary, capricious or unreasonable. Having determined that the District has begun to provide transportation of pupils to and from school and school-related events in authorized vehicles, as it is required to do pursuant to R.C. 3327.01 and Ohio Adm. Code 3301-83-19, we find that no justiciable issue exists in this declaratory judgment action concerning whether the District's past actions were arbitrary, capricious or unreasonable. We recognize that appellants desire yellow bus transportation; however, the District is simply not required to provide that particular method of transportation. See Hensley,121 Ohio App.3d 603, 611. Appellants' third assignment of error is therefore found not well-taken.
 {¶ 20} Based upon the foregoing, we find that the District was entitled to summary judgment with respect to appellants' claims. We therefore find that substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1