OPINION
Plaintiff-appellant Loom Lodge 0824 Mount Vernon (hereinafter "Loom Lodge") appeals the October 18, 1999 Judgment Entry of the Knox County Court of Common Pleas, finding the decision of defendant-appellee Liquor Control Commission (hereinafter "Commission"), which revoked Loom Lodge's liquor license, to be supported by reliable, probative and substantial evidence and in accordance with the law.
 STATEMENT OF THE FACTS AND CASE
Loom Lodge is a private club with a Class D-4 liquor permit. On July 8, 1998, pursuant to a district office complaint which alleged gambling was taking place at Loom Lodge, two agents from the Ohio Department of Public Safety proceeded to the establishment. Agents Wycoff and Sterling approached the back door of the establishment and entered the foyer. After finding the door locked, Agent Sterling pressed the buzzer located by the door. Thereafter, the agents heard the door electronically open. Once inside, the agents proceeded to a side bar area and engaged in conversation with the bartender on duty. The agents observed five bins of various intact tip tickets. The agents also observed an unidentified male patron, who, after engaging in conversation with the bartender, handed the bartender an undetermined amount of money. The bartender placed the money in one of the tip ticket drawers, retrieved an undetermined number of tickets, and placed the tickets on the bar in front of the patron. The agents watched this procedure repeated several times during their visit. When the patron played a winning combination, he handed the bartender the ticket. The bartender punched a hole in the ticket, placed the ticket in the appropriate drawer, retrieved money from the drawer, and handed the money to the patron. The agents observed this process several times during their visit. The agents subsequently left the establishment. On July 9, 1998, Agent Sterling prepared an affidavit and a search warrant, which he presented to Judge Maiorino of the Mount Vernon Court. After the judge reviewed and signed the search warrant, Agents Wycoff and Sterling as well as Agent Cook proceeded to Loom Lodge to execute the warrant. Upon their arrival, the agents observed a bartender, later identified as Douglas Leonard, enter the establishment. The agents approached Leonard, identified themselves, explained the search warrant, and asked the bartender to have all the patrons exit the premises. During the search, the agents seized five two-drawer bins. One drawer of each bin contained a tip ticket game, and the other drawer of each bin held U.S. currency, totaling $1,483. In addition, the agents seized a glass fish bowl containing intact tip tickets and $1 in cash; ten intact boxes of tip tickets; thirty-three intact bags of tip tickets; an envelope labeled "Hamilton Lancaster", which contained an invoice reflecting the purchase of tip tickets and $475.51 in cash; numerous Loom Lodge receipts; summary reports; and charts of accounts. The agents ultimately cited Loom Lodge for two violations of Ohio Adm. Code 4301:1-1-53 (hereinafter "Regulation 53"). The matter came on for hearing before the Commission on February 23, 1999. Loom Lodge entered a plea of denial with stipulation relative to the first violation, and the Commission dismissed the second violation. The Department of Liquor Control offered, and the trial court admitted, two exhibits, to wit: the Notice of Hearing and green service card. The parties mutually offered Exhibit 1, the investigator's report which included a statement of the facts giving rise to the citations, a witness list, a copy of the search warrant and affidavit, a description of tip tickets, photocopies of payoff records, evidence/property custody documents, and Loom Lodge's violation history. Via Order mailed March 9, 1999, the Commission found Loom Lodge to be in violation of Regulation 53 and ordered the establishment's liquor permit revoked, effective March 30, 1999. Loom Lodge filed an administrative appeal with the Knox County Court of Common Pleas. On June 15, 1999, the trial court filed an Agreed Journal Entry, establishing the briefing schedule for the matter. After the parties filed their respective briefs, the trial court affirmed the order of the Commission via Judgment Entry filed October 18, 1999. It is from this judgment entry Loom Lodge appeals, raising the following assignment of error:
 THE KNOX COUNTY COURT OF COMMON PLEAS ERRED IN FINDING THAT THE DECISION OF THE OHIO LIQUOR CONTROL COMMISSION WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW.
 I
Loom Lodge contends the trial court erred in finding the Commission's decision was supported by reliable, probative and substantial evidence and was in accordance with law. R.C. 119.12 sets forth the standard of review which the trial court must utilize in ruling on an administrative appeal: The court may affirm the order of the agency complained of in the appeals if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. * * * [A]ppeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.
Pursuant to the two-prong test set forth in the statute, a trial court first must determine whether the order appealed from is supported by reliable, probative and substantial evidence. An overwhelming amount of such evidence is not required. A court need only have some evidence of the required nature to sustain the Commission's decision. Pushay v. Walter (1985), 18 Ohio St.3d 315, 316. Secondly, the trial court must determine whether the order appealed complies with the law. The appellate court's review is even more limited. The appellate court must determine whether the lower court abused its discretion in upholding the administrative order. Pons v. Ohio St. Med. Bd. (1993), 66 Ohio St.3d 619,621. Abuse of discretion connotes, ". . . more than mere error of law or judgment . . . it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Cedar Bay Constr., Inc. v. Fremont (1990),50 Ohio St.3d 19, 22. Loom Lodge was cited for violating Regulation 53, which provides, in pertinent part: (B) No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder any gambling device as defined in division (F) of section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01 of the Revised Code. The definition of "gambling device' set forth in R.C.2915.10(F) includes "[a] ticket, token, or other device representing a chance, share, or interest in a scheme of chance, except a charitable bingo game, or evidencing a bet". R.C. 2915.01(F)(2). R.C. 2915.01(G)(1) defines a "gambling offense" as any violation of R.C. 2915.02, which provides, in relevant part: (A) No person shall do any of the following:
* * *
 (2) Establish, promote, or operate or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit;
* * *
 (5) With purpose to violate division [(A)(2)] of this section, acquire, possess, control, or operate any gambling device.
The Notice of Hearing alleged two violations of Regulation 53. As stated supra, the Department of Liquor Control dismissed one of the violations, but proceeded on the following: Violation #1 — On July 9, 1998, you agent and/or employee, DOUGLAS LEONARD and/or your unidentified agent and/or employee, did permit and/or allow in and upon the permits premises, gaming or wagering on a game and/or scheme of skill and/or change, to wit, tip tickets-in violation of 4301:1-1-53 a regulation of the Ohio Administrative Code."
Loom Lodge asserts the evidence did not establish a violation of Regulation 53 for two reasons. First, the agents "did not observe any gaming or wagering occurring [on July 9, 1998] and thus it cannot be said that [Loom Lodge] permitted or allowed it to occur." Brief of Appellant at 5. Second, the Commission failed to establish the gaming and/or wagering which was permitted and/or allowed on the premises was for profit. We find Loom Lodge's argument relative to the Department's failure to prove the claimed violation to be unpersuasive. In order to find a violation of Regulation 53, the Commission must determine whether the gambling devices in question were used to commit a gambling offense as listed in R.C. 2915.01(G). The investigative report, to which Loom Lodge stipulated, reflects the agents seized five two-drawer bins containing a variety of unused tip tickets as well as spent winning tip tickets. When combined with the agent's observations on July 8, 1998, we find sufficient evidence to support a finding gambling devices were being or had been used on the premises of Loom Lodge despite the fact the agents did not observe any patrons playing tip tickets or redeeming winning tickets on July 9, 1998. The totality of the circumstances supports an inference tip ticket gambling had occurred on the premise on July 9, 1998. We now turn to Loom Lodge's assertion the record does not support a finding the gambling was "for profit." Part of the investigative report is a document titled "Description of Tip Tickets," which states, in part, "Tip tickets are produced in such a manner as to guarantee a profit to the operator of the game. Losing tip tickets out number winning tip tickets. This assures that `purchase' monies are more than `payout' monies." This statement coupled with the agents' report reflecting the documentary evidence seized and $1,959.51 in cash seized, support a finding the tip ticket gambling was "for profit." Because there was substantial, probative and reliable evidence to support a finding of a violation of Regulation 53, we do not find the trial court abused its discretion in affirming the Commission's order. Loom Lodge's sole assignment of error is overruled.
 _____________________ Hoffman, P.J.
Hoffman, P.J. Edwards, J. and Milligan, V. J. concur