OPINION.
{¶ 1} The appellants, Robert and Shirley Gill, appeal the February 20, 2003 judgment of the Common Pleas Court of Seneca County, Ohio, granting summary judgment in favor of the appellee, Royal Insurance Company of America ("Royal").
 {¶ 2} The events leading to this appeal are as follows. On September 19, 1997, Robert Gill sustained serious injuries while riding his privately owned motorcycle when he was struck by an automobile driven by Neill Ley in Tiffin, Ohio. On September 7, 1999, Gill and his wife, Shirley, filed a complaint in the Seneca County Court of Common Pleas against Ley.[1] The complaint was later amended on September 17, 1999, to include certain unknown defendants. A second amended complaint was then filed on February 9, 2000, to include Universal Underwriters Insurance Company ("Universal"), which provided a policy of commercial automobile liability insurance to Robert Gill's employer, Tiffin Ford Lincoln Mercury. The complaint was later amended a third time to include the appellee herein, Royal. As to Universal and Royal, the complaint requested, inter alia, a judicial declaration of Gill's right to underinsured motorist coverage pursuant to the policies issued by these defendants.
 {¶ 3} Gill's claim against Royal arose from Shirley Gill's employment. At the time of the collision, Shirley was employed by DairyMart Convenience Stores, Inc. ("DairyMart"). During this time, there was in effect a business auto policy, including uninsured/underinsured motorists ("UM/UIM") coverage, issued to DairyMart by Royal. Pursuant to a 1999 decision of the Ohio Supreme Court, Scott-Pontzer v. Liberty Mut.Ins. Co. (1999), 85 Ohio St.3d 660, Gill claimed that he was entitled to UM/UIM coverage under the policy issued to Shirley Gill's employer, DairyMart.
 {¶ 4} The Gills eventually settled their claims with Ley for $100,000, the limit of his personal automobile policy. However, Universal and Royal both denied coverage. Both of these insurers subsequently filed motions for summary judgment, as did the Gills. On June 27, 2002, the trial court granted summary judgment in favor of Universal and denied the Gills' motion for summary judgment as to Universal. Subsequently, on February 20, 2003, the trial court granted summary judgment in favor of Royal and denied the Gills' motion for summary judgment as to Royal. This appeal followed, and the Gills now assert three assignments of error.
 The trial court erred in holding that Robert W. Gill was not aninsured under the Royal Insurance Company of America's Business AutoLiability Policy granting summary judgment in Royal's favor.
 The trial court erred in holding that Robert W. Gill was not operatinga covered auto under the Royal Insurance Company of America's BusinessAuto Liability Policy granting Royal summary judgment.
 The trial court erred in denying Robert W. Gill's motion for summaryjudgment.
 {¶ 5} In addition, Royal asserted the following cross-assignment of error:
Assuming Arguendo That Appellants Are Insureds Under Dairy Mart'sPolicy, Their Claims Are Subject to the $250,000 Deductible Applicable toClaims Under the Policy.
 {¶ 6} Each assignment of error asserted by the Gills pertains to whether the trial court erred in determining that Robert Gill was not an insured under Royal's UM/UIM policy and consequently granting summary judgment in favor of Royal. Thus, this Court begins its analysis of these issues by noting that the standard for review of a grant of summary judgment is one of de novo review. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 7} The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" Civ.R. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be had. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be entered against him." Id.
 {¶ 8} In the case sub judice, the parties do not dispute the relevant facts. Their controversy concerns the interpretation of Royal's insurance policy and whether it affords coverage to Robert Gill given this set of facts. Thus, this Court need only determine whether the policy entitles Gill to coverage as a matter of law pursuant toScott-Pontzer and its progeny. As these assignments of error all relate to this determination, they will be addressed together.
 {¶ 9} In this case, Royal provided a business auto coverage policy of insurance to Shirley Gill's employer, DairyMart. Included with this coverage was a separate endorsement for UM/UIM coverage. Both the business auto policy and the UM/UIM endorsement each contained provisions defining "who is an insured" for purposes of their respective coverages. The definition of "who is an insured" under the UM/UIM coverage was identical to the Liberty Fire policy at issue in Scott-Pontzer. SeeScott-Pontzer, 85 Ohio St.3d at 663.
 {¶ 10} In Scott-Pontzer, the commercial insurance coverage policy in dispute was issued to a corporation, Superior Dairy, Inc., by Liberty Mutual Fire Insurance Company. Id. at 661. The plaintiff asserted a right to UM/UIM coverage under this policy after her husband, an employee of Superior Dairy, died in an automobile accident. Id. The policy defined the insured as "you" and "if you are an individual, any `family member[.]'" Id. at 663. The term "you" was defined as "the named insured shown in the declarations." Id. The Ohio Supreme Court found the term "you" to be ambiguous based on the fact that the named insured was a corporation. Id. at 664.
 {¶ 11} The Court determined that when the only named insured is a corporation, coverage is not limited solely to the corporate entity, but rather, is extended to the employees of the corporation "since a corporation can act only by and through real live persons." Id. Therefore, having determined that the policy language was ambiguous, the court "construed [the language] most favorably to the insured" and found that the plaintiff's husband was an insured under his employer's policy.Id. at 665. This coverage was later extended to include family members of the corporation's employees. See Ezawa v. Yasuda Fire Marine Ins.Co. (1999), 86 Ohio St.3d 557, 558.
 {¶ 12} Here, relying on Scott-Pontzer, the Gills assert that they are entitled to UM/UIM coverage issued by Royal to Shirley Gill's employer based on the ambiguous language of the UM/UIM endorsement. This endorsement defines an "insured" in Section B, paragraphs 1-2 as, "You" and "If you are an individual, any `family member'." The policy also states that the term "you" refers to the named insured shown in the declarations. The named insured is identified on the declaration page as Dairy Mart Convenience Stores, Inc., a corporation. Thus, we would generally agree with the Gills that the policy language is ambiguous such that, as in Scott-Pontzer, coverage would extend to employees of the corporation through the use of the term "you." However, the policy also includes a "Drive Other Car Coverage-Broadened Coverage for Named Individuals" endorsement that was in effect at the time of Robert Gill's injuries. Section C of that endorsement provides:
 CHANGES IN AUTO MEDICAL PAYMENTS AND UNINSURED AND UNDERINSURED MOTORISTS COVERAGES The following is added to WHO IS AN INSURED:
 Any individual named in the Schedule and his or her "family members"are "insured" while "occupying" or while a pedestrian when being struckby any "auto" you don't own except:
 Any "auto" owned by that individual or by any "family member."
 {¶ 13} This Court has previously addressed an identical "Drive Other Car" endorsement. See Rice v. Buckeye State Mut. Ins. Co. Home Farm Ins. Co., Logan App. No. 8-02-24, 2003-Ohio-390, 2003 WL 193472, discretionary appeal allowed, 99 Ohio St.3d 1409,2003-Ohio-2454. In Rice, this Court held that this type of endorsement "eliminates any ambiguity by clarifying that the parties intended coverage for those individuals named in a schedule maintained by the company. Id. at ¶ 18. Further, we stated that "[t]he Scott-Pontzer
decision was based on policy language that, when read literally, would only provide coverage for bodily injury sustained by a corporation. Since a corporation cannot sustain bodily injury, there was no logical flow to the UM/UIM coverage." Id. However, we determined that the problem inScott-Pontzer did not exist in Rice because of the "Drive Other Car" endorsement. Id.
 {¶ 14} Having distinguished the situation present inScott-Pontzer from that at issue in Rice, this Court found that such an endorsement "adds another definition to who is an insured, thereby clearly identifying an intent by the parties to extend UM/UIM coverage to only those individuals listed on a schedule." Id. at ¶ 19, citingWhite v. American Manufacturers Mut. Ins. Co., 2nd Dist. No. 19206,2002-Ohio-4125, 2002 WL 1833345, appeal dismissed, 98 Ohio St.3d 1545,2003-Ohio-2002; Westfield Ins. Co. v. Galatis, 9th Dist. No. 20784,2002-Ohio-1502, 2002 WL 500251, motion to certify record allowed,96 Ohio St.3d 1446, 2002-Ohio-3512 (other citations omitted).[2] Thus, we found that the employee of the corporation was not an insured for UM/UIM coverage under the policy at issue because she failed to present evidence that either she or her deceased spouse were listed on the referenced schedule. Rice, 2003-Ohio-390, at ¶ 19.
 {¶ 15} Although the Gills assert that the "Drive Other Car" endorsement does not eliminate the ambiguity present in the definition of who is an insured, our prior rulings, specifically, Rice, supra, hold otherwise. Here, the endorsement was identical to that at issue in Rice. In addition, like the facts of Rice, the Gills have failed to present any evidence that either of them were listed on the schedule referenced in the endorsement. Therefore, we find as a matter of law that the Gills are not insureds for UM/UIM coverage under Royal's policy of insurance. Accordingly, the trial court did not err in granting summary judgment in favor of Royal and denying the Gills' motion for summary judgment. Thus, the first and third assignments of error are overruled, and the second assignment is rendered moot and, likewise, overruled.
 {¶ 16} As to Royal's cross-assignment of error, this Court struck that cross-assignment of error on July 15, 2003. However, on July 24, 2003, Royal filed a motion for reconsideration of this issue or, in the alternative, clarification of our July 15, 2003 decision to strike. For the reasons that follow, Royal's motion for reconsideration is overruled, and the cross-assignment of error remains stricken from the record.
 {¶ 17} A party to a civil lawsuit has no standing to cross-appeal a final judgment in its favor. Seringetti Const. Co. v. Cincinnati
(1988), 51 Ohio App.3d 1. However, R.C. 2505.22 permits an appellee who does not appeal a final order, judgment, or decree to file a cross-assignment of error in the interest of preventing a reversal.Morgan v. Cincinnati (1986), 25 Ohio St.3d 285, 290. Nevertheless, an appellate court may consider the cross-assignment of error only whennecessary to prevent a reversal. Duracote Corp. v. Goodyear Tire Rubber Co. (1983), 2 Ohio St.3d 160, 163, citing Parton v. Weilnau
(1959), 169 Ohio St. 145, 171.
 {¶ 18} In the case sub judice, the cross-assignment of error filed by Royal involved issues regarding the applicability of its UM/UIM coverage deductible in the event that we found the Gills were entitled to UM/UIM coverage under Royal's policy with DairyMart. Although this cross-assignment dealt with an issue that would arise only in the event of reversal, whether a deductible would apply is not a matter that wouldprevent reversal. Therefore, Royal's cross-assignment of error was not permissible under R.C. 2505.22. Furthermore, even if it had been properly raised, Royal's grant of summary judgment does not face reversal. Thus, this Court is prohibited from considering it.
 {¶ 19} For these reasons, the judgment of the Common Pleas Court of Seneca County, Ohio, is affirmed.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] The Gills also brought suit against a Wisconsin-based law firm, which they originally hired to represent them in the present action. However, the law firm was subsequently dismissed from this action, and none of the allegations against it are relevant to the current appeal.
[2] The Ohio Supreme Court is currently reviewing the following issue in Galatis: "Whether the inclusion of a `Broadened Coverage Endorsement,' adding individual named insureds to a commercial motor vehicle liability policy, eliminates any ambiguity over the use of the term `you' therein?" Accordingly, the cause and briefing in the appeal of this Court's decision in Rice are stayed until the Supreme Court renders its decision in Galatis.