## LICHTY v BD of EDUCATION OF CRANE TOWNSHIP

Ohio Appeals, 3rd Dist, Paulding Co

Decided July 26, 1929

T. T. Shaw, Defiance, and S. S. Beard, Paulding, for Lichty.

Mervin Day, Paulding, for Bd of Education.

JUSTICE, J.

The demurrer presented two questions: first, the sufficiency of the resolution; second, the constitutionality of **7749-1 GC.** Of these in their order.

The resolution was adopted under and by virtue of **7749-1 GC.**

It will be observed that the resolution alludes to the Paulding County Board of Education and the Crane Township Board of Education. Strictly speaking, no such boards are known in law. The resolution, however, was passed by the Board of Education of the Paulding County School Districa and was served on the Board of Education of the Crane Township Rural School District. Manifestly, the resolution refers to these boards. It will also be observed that the resolution does not **declare** in terms that the Board of Education of Crane Township Rural School District shall furnish transportation. However, the county board, by passing said resolution and causing it to be served upon the defendant, did in fact so announce and declare. A substantial compliance, rather than a technical one by the county board, with the provisions of said statute, is all that the law requires. Hence, it follows that the objections to the sufficiency of the resolution are not tenable.

Coming now to the second question, that is to say, the constitutionality of said **7749-1 GC.** The court below held said Section unconstitutional for that, as it concluded, the legislature had delegated therein to the County Board of Education, legislative power. With this conclusion we are not in accord.

We quote from Lewis' Sutherland Statutory Construction, Second Edition, Volume 1, page 148, Section 88:

"The true distinction is between the delegation of power to make the law, which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made."

C. W. & Z. Railroad Company vs. Commissioners of Clinton County, 1 OS. 77, page 87.

In State v Messenger, 63 OS. 398, Justice Minshall quotes from Agnew, J., in Locke's Appeal, 72 Penn. St. 491.

**Board of Health v. Greenville, 86 OS. 1, page 20.**

This court is, of course, bound by the pronouncements of our Supreme Court, and, in the light of these authorities, we are unanimously of the opinion that said Section 7749-1, GC, is constitutional.

It would seem that further comment will serve no useful purpose. Clearly, the petition does state a cause of action. Hence the court below erred in sustaining the demurrer and entering judgment for the defendant.

Entertaining these views, it follows that the judgment of the court below should be reversed.

Before Judges Hughes, Justice and Crow.