PUSHAY ET AL., APPELLANTS, *v.* WALTER ET AL., APPELLEES.

[Cite as Pushay *v.* Walter (1985), 18 Ohio St. 3d 315.]

(No. 84-1568—Decided July 24, 1985.)

316

*Murphy, Young & Smith Co., L.P.A., David J. Young, Steven W. Tigges, McLaughlin, McNally & Carlin* and *Richard P. McLaughlin,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Gary E. Brown,* for appellees Walter, Superintendent of Public Instruction, and State Board of Education.

*Dennis M. Whalen Co., L.P.A., Dennis M. Whalen* and *G. Frederick Compton, Jr.,* for appellee Springfield Local Schools.

*Per Curiam.* This court's standard of review concerning administrative decisions is limited in the same manner as the courts below. We will not substitute our judgment for that made by the state board if there is some evidence supporting the board's resolution. See *Harris* v. *Lewis* (1982), 69 Ohio St. 2d 577, 578 [23 O.O.3d 485]; *State, ex rel. Ogan,* v. *Teater* (1978), 54 Ohio St. 2d 235, 247 [8 O.O.3d 217]. Therefore, the issue presented is whether the state board's order, which confirmed the local board's resolution that bus transportation for the non-public school children was unreasonable and impractical, and was supported by reliable, probative, and substantial evidence. R.C. 119.12. The court of appeals reversed the trial court and upheld the state board's resolution. For the reasons which follow, we reverse.

In *Hartley, supra,* this court held that local school boards must strictly comply with the mandates of R.C. 3327.01 before making payments in lieu of bus transportation for non-public school children. *Id.* at paragraph two of the syllabus.[1] Writing for the majority, Justice Locher noted that a local

---

[1] R.C. 3327.01 provides in relevant part:

"In all city, exempted village, and local school districts where resident school pupils in grades kindergarten through eight live more than two miles from the school for which the

school board may not make a unilateral judgment, but that R.C. 3327.01 requires the State Board of Education to confirm the decision. Justice Locher also stated that under the statute, "transportation is the rule and payment is the exception." *Id.* at 416.

In accordance with the provisions of R.C. 3327.01 and this court's decision in *Hartley,* the state board has adopted specific criteria in an effort to guide the determinations of local school boards when they are confronted with the feasibility question of providing bus transportation to non-public school children.[2] These factors are similar to those set forth by Justice Sweeney in his concurring opinion in *Hartley, supra.*

All parties herein agree that this controversy centers on the cost-related figures concerning the additional busing required to transport these children to the parochial schools in question. Appellees contend that

---

state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code and to which they are assigned by the board of education of the district of residence or to and from the non-public school which they attend the board of education shall provide transportation for such pupils to and from such school, except when, in the judgment of such board, confirmed by the state board of education, such transportation is unnecessary or unreasonable.

"* * *

"In determining the necessity for transportation, availability of facilities and distance to the school shall be considered.

"A board of education shall not be required to transport elementary or high school pupils to and from a non-public school where such transportation would require more than thirty minutes of direct travel time as measured by school bus from the collection point as designated by the coordinator of school transportation, appointed under section 3327.011 of the Revised Code, for the attendance area of the district of residence.

"Where it is impractical to transport a pupil by school conveyance, a board of education may, in lieu of providing such transportation, pay a parent, guardian, or other person in charge of such child, an amount per pupil which shall in no event exceed the average transportation cost per pupil, such average cost to be based on the cost of transportation of children by all boards of education in this state during the next preceding year."

[2] The board of education determines whether such transportation is unnecessary, unreasonable, or impractical by considering the following criteria:

"[1.] The time and distance required to provide such transportation;

"[2.] The cost of providing transportation in terms of equipment, maintenance, personnel, and administration;

"[3.] The number of pupils to be transported to non-public schools;

"[4.] Whether the board provides similar or equivalent service to public school pupils, *e.g.,* it may be impractical for a school district operating neighborhood schools to provide bus service for non-public pupils when it provides no such service for public school pupils;

"[5.] Whether and to what extent this additional service to non-public schools unavoidably disrupts current transportation schedules; and

"[6.] State Board of Education approved alternatives to board owned and operated school buses are not reasonably available. These alternatives include contractor owned and operated school buses, public utility, board owned vehicles other than school buses, and privately owned vehicles other than school buses. (Chapter 3301-83, Ohio Administrative Code)."

excessive costs may be a basis for a determination that transportation by school conveyance is unreasonable. However, we find that such issue need not be reached as there is a lack of credible evidence in support of the cost figures submitted by the local board which were ultimately accepted by the state board.

Given the strict language of our decision in *Hartley,* a local school board certainly has the burden to establish that its resolution is lawful so that payment can be made in lieu of transportation. Here, the local board has failed to substantiate its cost figures for numerous reasons. First, concerning the total cost of transporting all pupils to and from school, the local board included the costs for field trips, athletic events and other extra-curricular activities which distorted such figure. Turning to the figures relative to the transportation of non-public children, there was evidence in the record that the actual mileage to and from the parochial schools was falsified, as one bus driver was instructed to drive around in an empty bus to gain additional mileage. In addition, the wage figure used by the local board for bus drivers transporting non-public students was, for no apparent reason, approximately twenty-five percent higher than the wages of other drivers. The cost of fringe benefits was also included within the figure when, in fact, some drivers do not receive these benefits. There was further evidence that the afternoon bus routing of non-public students was not done in the most economical fashion. Finally, the number of non-public students to be transported by bus was set at nineteen by the local board when, in all probability, at least thirty students would take advantage of such transportation.

All of these factors distorted the cost figures which the local board substantially relied upon in presenting its argument at the numerous hearings on this matter. Other than what appears to be quite questionable data as submitted by the local board, we can find no remaining evidence to support the state board's order which confirmed the local board's resolution. Therefore, the state board's order is not supported by reliable, probative, and substantial evidence as required by R.C. 119.12. The judgment of the court of appeals is hereby reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.