HAIG ET AL., APPELLANTS, *v.* OHIO STATE BOARD
OF EDUCATION ET AL., APPELLEES.

[Cite as *Haig v. Ohio State Bd. of Edn.* (1992), 62 Ohio St.3d 507.]

(No. 90–1917—Submitted November 12, 1991—Decided February 12, 1992.)

508

Shumaker, Loop & Kendrick, Thomas G. Pletz and David J. Coyle, for appellants.

Lee I. Fisher, Attorney General, and Christopher M. Culley, for appellees.

HERBERT R. BROWN, J. This case presents three issues: (1) whether the state board was a proper party to the R.C. Chapter 119 appeal, (2) whether declaratory and injunctive relief was appropriate, and (3) whether the court of appeals had jurisdiction over the state board's appeal. For the reasons which follow, we affirm the judgment of the court of appeals and hold that (1) the state board was not a proper party, (2) declaratory and injunctive relief was

not available to the parents, and (3) the court of appeals had jurisdiction over the appeal.

## I

### Proper Party

The parents contend that the state board is a proper party to an R.C. 119.12 administrative appeal challenging the state board's decision (pursuant to R.C. 3327.01) confirming the local board's determination that it is impractical to provide actual transportation to students. We disagree.

The state board performed a quasi-judicial function by adjudicating a dispute between two adverse parties: the parents and the local board of education.

The underlying dispute in this case is whether the students must be provided with actual transportation from Kelleys Island to attend nonpublic school in Sandusky. The parents initiated this action to compel that transportation. The parents relied upon R.C. 3327.01, which provides in relevant part:

"In all city, exempted village, and local school districts where resident school pupils in grades kindergarten through eight live more than two miles from the school for which the state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code and to which they are assigned by the board of education of the district of residence or to and from the non-public school which they attend *the board of education shall provide transportation for such pupils to and from such school except when, in the judgment of such board, confirmed by the state board of education, such transportation is unnecessary or unreasonable.*" (Emphasis added.)

Under R.C. 3327.01, the responsibility for providing transportation for students attending nonpublic school is placed on the local board. It is the local board which initially determines whether it is unreasonable to provide that transportation. See *Hartley v. Berlin-Milan Local School Dist.* (1982), 69 Ohio St.2d 415, 416–417, 23 O.O.3d 370, 371, 433 N.E.2d 171, 173. The parents' dispute, therefore, is with the local board—the entity empowered by statute to provide the parents with the relief they seek.

The role of the state board, under R.C. 3327.01, is limited to confirming (or rejecting) the local board's decision whenever the local board finds that transportation is unnecessary or unreasonable. Thus, the General Assembly has placed the state board in the role of an adjudicator. The state board holds a hearing, weighs evidence, and renders a decision.

The state board is unable to directly provide the parents with the relief they seek. The state board has no independent statutory duty to provide transportation. Moreover, the state board has no authority to enforce the local board's duty to provide transportation. Cf. *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 545 N.E.2d 1260 (the State Employment Relations Board may be a proper party to an R.C. 119.12 appeal because it has enforcement powers under R.C. 4117.13).

As an adjudicator, the state board's interest is to render a fair decision in the dispute between the parties. It has no independent interest adverse to those of the local board or the parents.

Accordingly, we hold that when the State Board of Education decides (pursuant to R.C. 3327.01) to confirm a local board of education's determination that it is impractical to provide actual transportation for students attending nonpublic schools, the decision by the state board does not make the state board a proper party to an R.C. 119.12 appeal.[4]

## II

### Declaratory and Injunctive Relief

The parents also maintain that an R.C. 119.12 appeal may include an action for declaratory and injunctive relief. They argue that declaratory and injunctive relief is necessary to fashion complete relief in this case, *i.e.*, to insure continuous transportation from Kelleys Island to school in Sandusky. We disagree.

Injunctive relief was unavailable to the parents. An injunction is an equitable remedy and will not lie where there is an adequate remedy at law. *Gannon v. Perk* (1976), 46 Ohio St.2d 301, 308–309, 75 O.O.2d 358, 362, 348 N.E.2d 342, 347. R.C. 119.12 allows the common pleas court to suspend the order appealed from pending the outcome of the dispute.[5] Suspension of the

---

4. The parents cite *Pushay v. Walter* (1985), 18 Ohio St.3d 315, 18 OBR 361, 481 N.E.2d 575, to support the argument that the state board is a proper party in this R.C. 119.12 appeal. In *Pushay*, the state board was named as a party and apparently made no objection. *Pushay*, however, is not controlling in this case because the issue of whether the state board is a proper party to such an appeal was not before the court.

5. R.C. 119.12 provides in relevant part:

"The filing of a notice of appeal shall not automatically operate as a suspension of the order of an agency. If it appears to the court that an unusual hardship to the appellant will result from the execution of the agency's order pending determination of the appeal, the court may grant a suspension and fix its terms. If an appeal is taken from the judgment of the court and the court has previously granted a suspension of the agency's order as provided in this section,

order could have preserved (and in this case did preserve) transportation for the students from Kelleys Island to the mainland. That transportation could have been continued as a permanent order if the common pleas court had been presented with a proper dispute between the parents and the local board. These remedies would have given the parents everything they asked for. But to obtain these remedies the parents had to invoke the jurisdiction of the court by naming the proper party-defendant. Thus, the problem faced by the parents is not that they lacked an adequate remedy, but that they failed to properly avail themselves of that remedy by making the local board a party. This is the failure which deprived them of the remedy provided by R.C. 119.12.

Regarding declaratory relief, the following prerequisites must be present: (1) a real controversy between the parties, (2) a justiciable controversy, and (3) a situation where speedy relief is necessary to preserve the rights of the parties. *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 135, 554 N.E.2d 1324, 1328; *Williams v. Akron* (1978), 54 Ohio St.2d 136, 144, 8 O.O.3d 125, 130, 374 N.E.2d 1378, 1383; *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261, paragraph one of the syllabus.

Generally, proceedings for declaratory relief will not be entertained where another "equally serviceable" remedy is provided. *Swander Ditch, supra.* As we have noted, R.C. 119.12 provides such a remedy.

Accordingly, we affirm the judgment of the court of appeals and hold that declaratory and injunctive relief was not appropriate in this case.

## III

### Appellate Jurisdiction

Finally, the parents argue that the court of appeals did not have jurisdiction over the state board's appeal since the appeal was not taken "on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules" of the state board, as required by R.C. 119.12. We disagree.

The state board's appeal to the court of appeals raised, among other things, the procedural question of whether the state board was a proper party in the parents' R.C. 119.12 appeal.

In the common pleas court, the parents named only the state board and the superintendent as parties to their appeal from the state board's decision. In response, the state board and the superintendent filed a motion to dismiss

---

such suspension of the agency's order shall not be vacated and shall be given full force and effect until the matter is finally adjudicated. * * * "

claiming they were not proper parties, thereby preserving the question for appellate review.

Unless the right is waived, a party may always appeal the question of a court's jurisdiction to render judgment against it.

Accordingly, the court of appeals had jurisdiction over the appeal.

*Judgment affirmed.*

MOYER, C.J., HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.