The STATE ex rel. LUCHETTE, Appellant,

v.

PASQUERILLA et al., Appellees.

[Cite as *State ex rel. Luchette v. Pasquerilla*, 182 Ohio App.3d 418, 2009-Ohio-2084.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2008 T 94.

Decided May 1, 2009.

Ronald James Rice, for appellant.

John Britton, Sara Moore, and David Hirt, for appellees.

VUKOVICH, Presiding Judge.

{¶ 1} Relator-appellant, Valerie Luchette, appeals the decision of the Trumbull County Common Pleas Court, which dismissed her petition for a writ of mandamus and ruled in favor of respondent-appellee Board of Education of Brookfield Local School District. Appellant claims that the school district is required to provide transportation to her child. The school district claims that appellant has an adequate remedy at law under R.C. 3327.02(F) and (G) and alternatively states that the Ohio State Board of Education's resolution did not actually order the school district to perform any action. Essentially, this appeal involves the following question of statutory interpretation:

{¶ 2} Whether a local school district board of education can be compelled by a court to provide transportation when that school district continues to offer payment in lieu of transportation notwithstanding the State Board of Education's determination that transportation is not impractical under R.C. 3327.01 and 3327.02.

{¶ 3} For the following reasons, we conclude that a court can compel a school district to provide transportation when the school district's continued offer of payment in lieu of transportation is in violation of an order of the State Board of Education. The trial court's dismissal is thus reversed. Procedurally, this case must be remanded, as an answer has not yet been filed. In making any rulings, the trial court shall follow the law as set forth herein. Based upon our decision, we hereby issue a peremptory writ ordering the Board of Education of Brookfield

Local School District to provide transportation to JFK pending the trial court's final resolution of the matter.

### Statement of the Case and Procedural History

{¶ 4} Appellant and her child live in Brookfield Local School District, but the child attends John F. Kennedy High School ("JFK") in Warren, Ohio, a nonpublic school. On September 20, 2006, the Brookfield Board of Education ("the school district") passed a resolution under R.C. 3327.02(A) and (B)(1), finding that transportation of appellant's child and three other pupils to JFK was impractical.

{¶ 5} Pursuant to R.C. 3327.02(A)(3), the Trumbull County Educational Service Center reviewed the decision and agreed with the school district, permitting the school district to *offer* payment in lieu of transportation. The parents rejected the offer and requested mediation from the Ohio Department of Education as permitted by R.C. 3327.02(E)(1)(a). When mediation did not resolve the dispute, a hearing officer at the Ohio State Board of Education ("state board") conducted a Chapter 119 hearing as required by R.C. 3327.02(E)(1)(b).

{¶ 6} On November 16, 2007, the hearing officer recommended that the state board decline confirmation of the school district's "impracticality" decision. The hearing officer found that in making its resolution, the school district considered only two of the six statutory factors and that its decision on one of those factors was uninformed, as neither a new driver nor a dedicated route would be necessary.

{¶ 7} On January 8, 2008, the state board approved the recommendation of the hearing officer and declined to confirm the school district's determination that transportation to JFK would be impractical. The parties were advised that any appeal from the state board's action had to be filed within 15 days under R.C. 119.12. No appeal was taken.

{¶ 8} Notwithstanding the state board's refusal to confirm its impracticability resolution, the school district persisted in refusing to provide transportation. Thus, appellant filed a complaint for a writ of mandamus in the Trumbull County Common Pleas Court on February 21, 2008, seeking an order requiring the school district to provide transportation to JFK. She attached the decision of the hearing officer and the state board.

{¶ 9} On March 24, 2008, the school district filed a motion to dismiss. The motion claimed that the January 8, 2008 order of the state board did not actually order the school district to perform any action. The motion also alleged that appellant had an adequate remedy at law under R.C. 3327.02(F) and (G), which discuss payment when the school district fails to provide transportation. The school district urged that R.C. 3327.02 contains no remedy of actual transportation.

{¶ 10} Appellant responded that R.C. 3327.02(F) and (G) are mere temporary remedies for use pending the state board's decision. She attached a letter from the Department of Education's attorney suggesting that these divisions apply only until the final state board action and opining that the code does not contemplate a situation in which the school district fails to comply with the state board's determination. Appellant urged that mandamus was the only remedy by which she could force the school district to perform its duty to provide transportation. She also pointed out that the school district failed to appeal the state board's decision refusing to confirm the school district's resolution.

{¶ 11} The case was transferred to a visiting judge, who held a status conference on June 25, 2008. In an entry the next day, the court stated that the case was marked as heard and submitted, noting that it would rule before school started again. The court ordered the parties to research the intent behind the statute and to submit proposed findings of fact and conclusions of law. The school district's proposal cited a piece of legislative history that labeled R.C. 3327.02(F) and (G) as "sanctions for failure to transport."

{¶ 12} On August 22, 2008, the trial court granted the school district's motion to dismiss. The court stated that the legislative history demonstrated that the remedy for failure to transport is payment in lieu of transportation. The court found that appellant had thus failed to exhaust her administrative remedies and that she had an adequate remedy at law, that of payment in lieu of transportation. The court concluded that the state board's authority was limited to that of enforcing payment in lieu of transportation.

{¶ 13} On September 16, 2008, appellant filed timely notice of appeal in the Eleventh District Court of Appeals. The case was transferred to a visiting panel from the Seventh District Court of Appeals. Briefing was completed in February 2009, and oral arguments were heard on April 8, 2009.

Statutory Law

{¶ 14} When it comes to providing transportation, there is no distinction in the treatment of a school district's resident school pupils who attend public school and those who attend nonpublic school, as long as the direct travel time does not exceed 30 minutes. R.C. 3327.01. Regarding any student, R.C. 3327.01 also provides: "Where it is impractical to transport a pupil by school conveyance, a board of education may offer payment, in lieu of providing such transportation in accordance with section 3327.02 of the Revised Code."

{¶ 15} Pursuant to this latter statute, the school district may pass a resolution determining that it is impractical to transport a pupil after considering each of the factors listed in the statute. R.C. 3327.02(A)(1) through (6) and (B)(1). The school district shall submit its determination to the state board and to the

county's educational service center. R.C. 3327.02(B)(2) and (3). If the county's educational service center considers transportation practicable, it shall inform the school district that it shall provide transportation. R.C. 3327.02(B)(3). If the county's educational service center agrees with the view of the school district, then the school district can *offer* payment in lieu of transportation as further provided in the statute. Id.

{¶ 16} In order to offer payment in lieu of transportation, the school district must provide notice to the parent of the affected pupil that he or she has the right to accept payment in lieu of transportation or the right to reject the offer and to proceed to mediation, and the school district must provide a contract or form on which the parent can accept the offer or reject the offer and request mediation. R.C. 3327.02(C)(1) and (2). If the parent accepts the offer, the school can pay the parent a minimum amount as published by the department of education up to a maximum amount, which represents the average cost of pupil transportation for the prior year. R.C. 3327.02(D).

{¶ 17} If the parent rejects the payment and requests mediation, the Department of Education shall conduct mediation. R.C. 3327.02(E)(1)(a). If mediation does not resolve the dispute, the state board shall conduct a Chapter 119 administrative hearing. R.C. 3327.02(E)(1)(b). Thereafter:

{¶ 18} *"The state board may approve the payment in lieu of transportation or may order the board of education to provide transportation."* (Emphasis added.) R.C. 3327.02(E)(1)(b).

{¶ 19} This decision is binding in subsequent years and on future parties if the facts of the determination remain comparable. Id. From the time mediation is requested until the matter is resolved under division (E)(1)(a) (mediation) or (E)(1)(b) (state board decision), *the school district shall provide transportation* for the pupil. R.C. 3327.02(E)(2). The statute continues:

{¶ 20} *"If the department determines that a school district board has failed or is failing to provide transportation as required by division (E)(2) of this section or as ordered by the state board under division (E)(1)(b) of this section, the department shall order the school district board to pay to the pupil's parent,* [the maximum amount] *on a schedule ordered by the department."* (Emphasis added.) R.C. 3327.02(F)(1).

{¶ 21} If the department subsequently finds that a school district is not in compliance with the order issued under division (F)(1) and the affected pupils are enrolled in a nonpublic or community school, the department shall deduct (from any payments the department makes to the school board) the amount that the school board is required to pay under that order. The department shall then pay the nonpublic school until the school district board either complies with the

department's order issued under division (F)(1) or begins providing transportation. R.C. 3327.02(F)(2). The nonpublic or community school that receives such payments can either disburse the entire amount of the payments to the parent or use the entire amount of the payments to provide its own transportation. R.C. 3327.02(G).

## Assignment of Error

{¶ 22} "The trial court erred when it granted respondent-appellee's motion to dismiss for failure to state a claim in mandamus."

{¶ 23} It is well established that in order for a writ of mandamus to issue, the relator must demonstrate that (1) she has a clear legal right to the relief sought, (2) the respondent is under a clear legal duty to perform the requested act, and (3) the relator has no plain and adequate remedy at law. *State ex rel. Bassman v. Earhart* (1985), 18 Ohio St.3d 182, 183, 18 OBR 250, 480 N.E.2d 761.

{¶ 24} In accordance, appellant urges that (1) her child has the right to receive transportation, (2) the school district has the duty to provide it under the state board's order, and (3) mandamus is the only available method for her to enforce the board's order, which the school district is ignoring.

{¶ 25} The school district responds that under the statutes, a school district has no obligation to actually provide transportation where it determines it is impractical but only has a duty to provide a source of funding for transportation. The school district asserts that appellant has an adequate remedy at law, which she failed to utilize. That is, the school district claims that appellant should have requested the state board to order an increased payment under R.C. 3327.02(F)(1), and if the school district still refused to pay, she should have asked the state board to deduct the money under R.C. 3327.02(F)(2) and provide it to the nonpublic school, which school could decide whether to pay appellant or to provide its own transportation under R.C. 3327.02(G).

{¶ 26} Appellant replies by asserting that R.C. 3327.02(F) and thus (G) apply only pending the state board's decision and are not for use after the state board has made its decision. She cites R.C. 3327.02(E)(2), providing the right to transportation from the time mediation is requested until either mediation is successful or the state board rules on the matter.

{¶ 27} As the school district points out, however, R.C. 3327.02(F)(1) specifically states that it applies if the school district is failing to provide transportation as required by division (E)(2) *or* as ordered by the state board under division (E)(1)(b). Thus, the procedure in divisions (F) and (G) clearly applies even after the state board's decision. Accordingly, when a school district fails to comply with the state board's order under R.C. 3327.02(E)(1)(b) to provide

transportation, the state board can impose the maximum allowable amount against a noncomplying school district under R.C. 3327.02(F)(1), and if the school district refuses to pay this amount, the state board can then deduct this amount from its payments to the school district and send the payments to the nonpublic school under R.C. 3327.02(F)(2).

{¶ 28} The question is whether this procedure available for receiving funds after the school district refuses to comply with the state board's order to provide transportation is meant to be the only remedy. We reiterate that the board's order under division (E)(1)(b) is either to provide transportation or to proceed with the payment offered in lieu of transportation. When the order is to provide transportation, the increased and guaranteed payment system for the school district's noncompliance does not give the pupil the ordered remedy. Rather, it is a way to compensate the parent for lost transportation rights until the school district complies, either voluntarily or through court order in a mandamus action. It does not eliminate the right to transportation ordered by the state board.

{¶ 29} If the statute provides no right to transportation, then R.C. 3327.02(E)(1)(b) would not state: "*The state board* may approve the payment in lieu of transportation *or may order the board of education to provide transportation. The decision of the state board is binding* in subsequent years and on future parties in interest provided the facts of the determination remain comparable." (Emphasis added.)

{¶ 30} Most of this language would have no meaning under the school district's interpretation. If the payment in R.C. 3327.02(F)(1), and then (F)(2), is the only available remedy, then division (E)(1)(b) should merely state that after the hearing, the state board can either approve the minimum payment already offered by the school district or impose a maximum payment, which can be deducted from funding if the school district refuses to pay.

{¶ 31} In fact, if the school district's interpretation is correct, then the entire statute is without meaning (with the exception of the confirmation by the county's educational service center). This is because if the school district pays the maximum amount from the beginning, the parent's rejection of the offer and decision to proceed through the board hearing would be pointless.

{¶ 32} The specific language stating that the state board may approve the payment in lieu of transportation or may order the board of education to provide transportation means that the latter order maintains the pupil's right to transportation. See R.C. 3327.02(E)(1)(b). The state board has no way to enforce this right that it granted, but under division (F) can penalize the school district with an increased payment and guarantee payment until the school district complies

with the order.  See *Haig v. Ohio State Bd. of Edn.* (1992), 62 Ohio St.3d 507, 510, 584 N.E.2d 704 (state board has no authority to enforce the school district's duty to provide transportation).

{¶ 33} This does not mean that there is no actual right granted or that the penalty eliminates the need to ever comply with the order to provide transportation.  Rather, because the board has no actual judicial power to enforce its own order, this allows for some relief to the parents while they seek court assistance in enforcing the board's order.  This is the entire point of a mandamus action.

{¶ 34} Similarly, R.C. 3327.01 states that where it is impractical, the school district can offer payment in lieu of transportation in accordance with R.C. 3327.02.  However, the state board expressly disagreed with the school district's impracticability decision.  In such a scenario, where it is not impractical, payment in lieu of transportation rather than providing transportation would be in violation of appellant's legal right and in violation of the school district's legal obligation.

{¶ 35} The Supreme Court has stated that transportation is the rule and payment is the exception.  *Hartley v. Berlin–Milan Local School Dist.* (1982), 69 Ohio St.2d 415, 416, 23 O.O.3d 370, 433 N.E.2d 171.  See also *Pushay v. Walter* (1985), 18 Ohio St.3d 315, 315–316, 18 OBR 361, 481 N.E.2d 575 (applying *Hartley* to high school students as well).  This holding was based upon the prior language of R.C. 3327.01, which provided that transportation shall be provided except when the school district, confirmed by the state board, found transportation unnecessary or unreasonable.

{¶ 36} Confirmation is still essentially required when the parent rejects an offered payment, requests mediation, and mediation is unsuccessful.  See R.C. 3327.02(E)(1)(b).  See also *Pushay*, 18 Ohio St.3d at 315, 18 OBR 361, 481 N.E.2d 575 (noting that the current procedures were initially informal rules adopted by the state board in response to *Hartley* ).  The statutory addition of procedures for ensuring funding for a pupil during the school district's noncompliance with an order to provide transportation does not override the principle that transportation is the rule and payment the exception.  This is especially true in light of the plain language of R.C. 3327.01 and 3327.02(E)(1)(b) as discussed above.

{¶ 37} Even if we were to resort to the school district's citation to the legislative history, the equating of division (F) with "sanctions for failure to transport" does not eliminate the right to enforce the prior order to provide transportation.  In fact, the labeling of this as a sanction supports appellant's position in that it is a penalty until compliance occurs and that the money is not a legitimate or endorsed substitution for the duty to provide transportation.  Notably, division (G) expressly contemplates the school district's eventual compliance with the state board's decision that the duty to provide transportation

remains. Therefore, appellant did not have adequate remedy at law by way of seeking payment under R.C. 3327.02(F), as this would not provide her with her right to have the school district provide transportation.

{¶ 38} Next, we address the school district's alternative claim that the state board's January 8, 2008 order does not actually order the school district to do anything. As aforementioned, R.C. 3327.02(E)(1)(b) states that after the Chapter 119 hearing, "[t]he state board may approve the payment in lieu of transportation or may order the board of education to provide transportation." Because the state board's order here does not actually say "school district is ordered to provide transportation," the school district believes that there is no order to be enforced by way of mandamus. In fact, the school district goes so far as to argue that the use of "may" in R.C. 3327.02(E)(1)(b) means that a nondecision can be entered after the administrative hearing.

{¶ 39} First, although "may" is generally construed to render the provision discretionary, this is true only if there is nothing in the wording, sense, or policy of the provision demanding a different interpretation. *State ex rel. Niles v. Bernard* (1978), 53 Ohio St.2d 31, 34, 7 O.O.3d 119, 372 N.E.2d 339. Thus, when the intention clearly appears, "may" is construed as "shall." See *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 107–108, 56 O.O.2d 58, 271 N.E.2d 834. In any event, when a statute says that after holding an administrative hearing on an issue, the board may issue one of two alternative orders, it does not mean that the board can do neither and issue no order.

{¶ 40} Regardless of all this, contrary to the school district's contention, the board's resolution here is not tantamount to a decision to forgo both statutory options. An order such as this is enforceable if the board's meaning is manifest. See, e.g., *Lichty v. Crane Twp. Rural School Dist. Bd. of Edn.* (1929), 35 Ohio App. 81, 84, 171 N.E. 846 (where school district argued that county board's resolution did not specifically declare that the school district shall furnish transportation). Substantial compliance rather than technical compliance with the statute providing the board's choices is required. Id.

{¶ 41} Here, the state board's order states that the school district's resolution is not effective until confirmed by the state board. This is true considering the statutory requirement that the school district provide transportation pending the state board's action. See R.C. 3327.02(E)(2). The state board approved the recommendation of the hearing officer and declined confirmation of the determination of the school district that transportation is impractical for the students who attend JFK. The hearing officer had issued detailed findings and conclusions regarding why the school district's impracticability decision was improper.

{¶ 42} It is manifest in the state board's order that the school district was not approved to offer payment in lieu of transportation and is thus required to provide transportation. Both the language of the state board's order and the language of the statute compel this conclusion. The state board's decision is clearly in favor of appellant.

{¶ 43} Contrary to the school district's contention, the state board does in fact review the propriety of the school district's impracticability decision. This is apparent under R.C. 3327.01 and 3327.02, as discussed above. That is, R.C. 3327.01 allows payment in lieu of transportation only if such transportation is actually impractical and points to R.C. 3327.02. The latter statute then sets forth statutory factors that shall be considered and provides an administrative hearing by the state board. Obviously, the state board is to apply these factors as well, as opposed to arbitrarily making its own decision on the matter.

{¶ 44} Thus, regardless of whether the state board specifically stated that transportation must be provided, if an impracticability decision is found to be improper and the state board refuses to confirm the offer of payment in lieu of transportation, then *the original right to transportation has never been abrogated.*

{¶ 45} Contrary to the school district's other argument, there was no reason for appellant to appeal the state board's decision to the court of common pleas. Rather, it was the school district that should have appealed if it wished to contest the decision that its impracticability finding was improper.

## Mootness

{¶ 46} In two separate motions, the school district urges that this appeal is moot. In a motion to supplement the record and then in a motion to exercise our general jurisdiction to ensure that the case before us remains justiciable, the school district asks that we recognize that appellant cashed a check three days after the trial court's August 2008 decision and prior to filing her appeal. The school district attaches a copy of the cashed check and an affidavit of the treasurer stating that the check represented a payment in lieu of transportation for the 2007–2008 school year.

{¶ 47} Appellant first insists that we cannot view such matter even if it could moot the appeal. Alternatively, appellant contests the relevancy of the cashed check and argues that the act of cashing this check would not moot the appeal.

{¶ 48} In general, an appellate court can consider only the evidence that was before the trial court. However, "[a]n event that causes a case to become moot may be proved by extrinsic evidence outside the record." *State ex rel. Cincinnati Enquirer v. Dupuis,* 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d

163, ¶ 8. Thus, contrary to appellant's first response, we can look at items outside the record for the limited purpose of determining whether an appeal is moot. See *Am. Energy Corp. v. Datkuliak*, 174 Ohio App.3d 398, 2007-Ohio-7199, 882 N.E.2d 463, ¶ 19–39. See also *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, 842 N.E.2d 513, ¶ 4–5 (mooting appeal of habeas denial where sentence expired, evidence of which was not in record below, and prisoner was released subsequent to appeal); *In re Annexation of Heckleman* (Dec. 10, 1990), 6th Dist. No. H–89–23, 1990 WL 204994 (court can review evidence of events occurring after trial court's order if it could moot the appeal), applying Section 3(B)(1)(f), Article IV, Ohio Constitution (court of appeals shall have original jurisdiction in any cause on review as may be necessary to complete its determination).

{¶ 49} Regardless, the school district's mootness argument is without merit. Appellant already properly rejected the offer of payment in lieu of transportation. The case already proceeded through mediation and administrative hearing. She already won at the state board level. The school district did not appeal. By tendering a check thereafter, the school district cannot unwind the clock to the time when it first offered payment. A party need not forgo a past payment to which she is entitled to preserve the future right to something other than payment.

{¶ 50} As analyzed above, R.C. 3327.02(F) is not the only remedy a pupil must accept when the school refuses to comply with the state board's order to provide transportation. The use of division (F) payments after a state board order is the imposition of a sanction, which only lasts until the school district finally complies with the transportation order. Thus, accepting payments after the state board's order to provide transportation (but where no transportation is provided) is not an act that invalidates the right to have the state board's order enforced.

{¶ 51} Furthermore, the payment was said to be for the 2007–2008 school year. That school year was long over by the time appellant cashed the check. It had nothing to do with her desire to enforce a transportation order. Contrary to the school district's suggestion, she is not seeking payment and transportation for the same time period. Rather, she accepted the sanction for the school district's past violation for a time period now irrelevant to her mandamus action.

## Conclusion

{¶ 52} For all of the foregoing reasons, we conclude that the trial court erred in dismissing appellant's complaint for a writ of mandamus. Therefore, the trial court's order is reversed. Procedurally, we must remand the case to the trial court, as the school district has not yet filed an answer. In making subsequent rulings, such as on any motion for judgment on the pleadings, the trial court shall follow the law as set forth herein. Based upon our decision, we hereby issue a

peremptory writ ordering the Board of Education of Brookfield Local School District to provide transportation to JFK pending the trial court's final resolution of the matter.

Judgment accordingly.

WAITE and DeGENARO, JJ., concur.