[Cite as *State v. Black*, 2010-Ohio-2701.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                )
                              )    CASE NO.    09 CO 15
    PLAINTIFF-APPELLEE,       )
                              )
- VS -                        )    O P I N I O N
                              )
MICHAEL BLACK,                )
                              )
    DEFENDANT-APPELLANT.      )

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
                                      Court, Case No. 04CR44.

JUDGMENT:                         Affirmed.

APPEARANCES:
For Plaintiff-Appellee:          Attorney Robert Herron
                                      Prosecuting Attorney
                                      Attorney Timothy McNicol
                                      Attorney Kyde Jones
                                      Assistant Prosecuting Attorneys
                                      105 South Market Street
                                      Lisbon, Ohio  44432

For Defendant-Appellant:       Attorney Timothy Young
                                      Ohio Public Defender
                                      Attorney Katherine Szudy
                                      Assistant State Public Defender
                                      250 East Broad Street, Suite 1400
                                      Columbus, Ohio  43215

                                      Michael Black, *Pro se*
                                      #09512-033
                                      U.S. Penitentiary Marion
                                      P.O. Box 10001
                                      Marion, Illinois  62959

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: June 14, 2010

VUKOVICH, P.J.

¶{1} Defendant-appellant Michael Black appeals the decision of the Columbiana County Common Pleas Court which denied his post-sentence motion to withdraw his guilty plea. Appellant argued to the trial court that he discovered that the state could not have established the elements of importuning, the offense to which he pled guilty. He urged that the state proceeded under the assumption that the Chief of Police posed as a fifteen-year-old girl because her online profile stated such age; however, he now believes that evidence, which he admitted to reading prior to pleading, shows that the Chief also provided the birth date for a sixteen-year-old while chatting with appellant online.

¶{2} In his *pro se* supplemental brief, appellant reiterates this argument on appeal. His appellate counsel, however, argues that appellant's plea was not entered knowingly, voluntarily, or intelligently because the trial court did not fully advise him concerning post-release control at his plea hearing. For the following reasons, we affirm the trial court's denial of appellant's motion as these appellate arguments are without merit.

STATEMENT OF THE CASE

¶{3} On January 30, 2004, appellant, a fifty-four year old male, was arrested in the Village of New Waterford. He traveled there from his home in Kentucky allegedly with the intent to visit a girl with whom he had been speaking online for the past week. This "girl" was actually the New Waterford Chief of Police who had created an online profile stating that the user was a fifteen-year-old female. Appellant also communicated over his cellular telephone with a female employee of the police department who impersonated the girl created by the Chief.

¶{4} Appellant was indicted for attempted unlawful sexual contact with a minor, a fourth degree felony, which entails an adult's attempt to engage in sexual conduct with another when the offender knows the other person is thirteen years old or more but less than sixteen, or the offender is reckless in that regard. R.C. 2907.04(A). See, also, R.C. 2923.02(A) (attempt). He was also indicted for importuning, a fifth degree felony, with the following elements:

¶{5} "No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and * * * The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age." R.C. 2907.07(D)(2).

¶{6} The defense filed various motions. For instance, appellant sought suppression on the grounds of outrageous government conduct and entrapment. He sought suppression of evidence seized after an allegedly unlawful investigatory stop. He claimed his arrest was unconstitutional. He also sought suppression of his custodial statement due to the continued questioning after a request for counsel. He filed a motion in limine to bar the introduction of various pieces of evidence including the chat room transcripts, which had been provided in discovery. The court granted appellant's motion to suppress his custodial statement finding that he did request counsel. The court denied the other motions.

¶{7} On May 24, 2004, appellant entered a plea agreement whereby he pled guilty to importuning and the state dismissed the other count. Appellant was automatically labeled a sexually oriented offender, and the state did not seek a higher label. Appellant and the state stipulated to a six-month prison sentence. With credit for time served, he was scheduled to be released on July 31, 2004.

**¶{8}** On January 28, 2009, approaching five years after his plea and sentencing, appellant filed a motion to withdraw his guilty plea.[1] Initially, he noted that the state could not have successfully prosecuted him for attempted unlawful sexual conduct with a minor because there was no actual victim. In main part, he claimed that the Chief testified in federal court that he told appellant in the third chat that the girl was born on January 16, 1988. As this would have made her sixteen, rather than fifteen, when contact began on January 24, 2004, appellant urged that the importuning charge was improper as well. Appellant's motion also made arguments concerning the Chief's credibility, noting that the affidavit used by the Kentucky State Police to obtain a warrant for appellant's residence stated that the Chief advised their officer that appellant was charged with four felony counts.

**¶{9}** On April 27, 2009, the court denied appellant's motion. After doing so, the court also opined that the motion was moot as appellant had already served his six-month sentence, notwithstanding the fact that appellant was still obligated to register as a sexually oriented offender due to the conviction and was subject to post-release control for five years after his release from prison (which had not yet occurred due to his transfer to federal prison for federal charges). Appellant also unsuccessfully sought reconsideration.

**¶{10}** Appellant filed notice of appeal from the April 27, 2009 judgment entry, which this court construed as timely due to the clerk's failure to serve the trial court's judgment upon appellant. Appointed counsel filed a brief with one assignment of error. This court also agreed to review the legal argument presented in appellant's request to supplement his attorney's brief in order to review the argument presented in the plea withdrawal motion, that he did not commit the offense of importuning.

**¶{11}** Appellant through counsel also sought to supplement the record with evidence that his prior sexually oriented offender classification had been changed to a Tier I sexual offender in December of 2007. This court denied appellant's motion

---

[1]Appellant calls it an *Alford* plea. However, there is no indication that the plea was anything but a straightforward guilty plea. In fact, the transcript of the plea hearing, the Judicial Advice to Defendant, and the Defendant's Response to Court establish that he completely admitted his guilt. See *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

believing he wished to supplement the record with items not presented to the trial court in order to prove the merits of his appeal.

¶{12} To the extent that this supplementation was presented to show that a plea withdrawal motion is not moot merely because the sentence was served, the evidence that he is still subject to registration requirements is reviewable by this court. See *State v. Golston* (1994), 71 Ohio St.3d 224, syllabus (an appeal challenging a felony conviction is not moot even if the entire sentence has been served before the appeal is decided, because there are many adverse collateral disabilities that accompany a felony conviction even after the sentence has been served); *Pewitt v. Lorain Correctional Institution* (1992), 64 Ohio St.3d 470, 472, citing *Miner v. Witt* (1910), 82 Ohio St. 237 (an event that causes a case to become moot may be proved by extrinsic evidence outside the record); *State ex rel. Luchette v. Pasquerilla*, 182 Ohio App.3d 214, 2009-Ohio-2084, ¶48 (7th Dist. sitting for 11th Dist.), citing *Am. Energy Corp. v. Datkuliak*, 174 Ohio App.3d 398, 2007-Ohio-7199, ¶19-39 (7th Dist.) (appellate court can look at items outside the record for the limited purpose of determining whether an appeal is moot).

## GENERAL LAW ON PLEA WITHDRAWAL

¶{13} Absent a manifest injustice, a motion to withdraw a guilty plea must be made prior to the imposition of sentence. Crim.R. 32.1. A manifest injustice occurs only in extraordinary circumstances. *State v. Smith* (1977), 49 Ohio St.2d 261, 264. We review the decision to deny a post-sentence motion to withdraw a guilty plea under an abuse of discretion standard of review. Id. at 264; *State v. Xie* (1992), 62 Ohio St.3d 521, 527. An abuse of discretion connotes more than an error of law or judgment; rather, it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157. Evaluating the good faith, credibility, and weight of the movant's assertions in the motion is the province of the trial court. *Smith*, 49 Ohio St.2d at 264. The timing of the motion is relevant in making these determinations as undue delay weighs against the movant. Id.

¶{14} The burden rests on the movant. See id. An evidentiary hearing is not warranted on a post-sentence motion to withdraw a guilty plea if the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary

documents sufficient to demonstrate a manifest injustice. *State v. McFarland*, 7th Dist. No. 08JE25, 2009-Ohio-4391, ¶22, citing *State v. Bari*, 8th Dist. No. 90370, 2008-Ohio-3663, ¶9. Moreover, the trial court cannot grant a motion to withdraw a plea based upon an affidavit which directly contradicts the record. Id.

<u>APPELLANT'S *PRO SE* ARGUMENT</u>

¶{15} Appellant argues that the trial court erred in denying his plea withdrawal motion because he could not commit importuning if the Chief posed as a sixteen-year old. He explains that he did not become aware of this issue until the Chief was asked to read the third chat transcript at a federal trial and the Chief then apparently read that he advised appellant that the girl's birth date was January 16, 1988. This would have made her sixteen, rather than fifteen, at the time of the contact, which began on January 24, 2004.

¶{16} The chat transcripts were admitted as an exhibit at the 2004 suppression hearing in this case. (Tr. 159, 161). At that hearing, appellant testified on direct examination that he knew the girl's profile stated that she was fifteen, but she did not act like a fifteen-year-old girl. (Tr. 31, 50-51). He stated that he initially believed that the girl was a man because of the responses to sexual comments. (Tr. 33). He testified that after he spoke to her on the telephone, he was "shocked" that it was a woman. (Tr. 36). He stated that he could tell that it was not a "young kid" and estimated her age to be between twenty and twenty-five years of age. (Tr. 36-37, 45).

¶{17} Nothing regarding the girl's provision of a birth date was mentioned at the suppression hearing. Although the transcripts were admitted at the suppression hearing, they were not read to the court in any large part. Notably, defense counsel had been provided with the chat transcripts in discovery and even filed a motion trying to have them excluded from evidence at trial. More importantly, appellant himself testified that he read the chat transcripts the night before the hearing. (Tr. 73). If the third chat transcript truly did show that the Chief accidentally provided a birth date for a sixteen-year old, appellant had his chance to notice this in preparing for trial and to take the case to trial rather than pleading to importuning. In other words, the evidence is not new but is original evidence provided in discovery, which appellant failed to recognize and utilize.

**¶{18}** In addition, appellant's motion does not indicate when the third chat transcript took place. This is important because if he solicited sex with someone with a profile stating she was fifteen (which he admits he viewed immediately) and was only later informed of the birth date, then the offense would still have occurred; the offense does not get erased by the later subtraction mistake on the part of the officer in creating a birth date. In other words, the birth date evidence would not have required automatic dismissal of the charges outright but would have provided sufficiency and weight of the evidence arguments at trial. It is also important to point out that appellant fully understood the nature of the importuning charge including that the officer had to have posed as a child under sixteen. (Plea Tr. 10-11, 14, 19).

**¶{19}** Most importantly for purposes of reviewing the denial of a post-sentence plea withdrawal motion, appellant's motion was lacking in support. He did not have the suppression hearing transcribed for the trial court's review. Thus, it is not properly before this court. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 406. He did not even point out to the trial court that the chat transcripts were presented as exhibits at the suppression hearing and thus available in the record for the court's review. Nor did he ensure these exhibits were transmitted to this court.

**¶{20}** Rather, appellant's motion referenced only the attached pages out of what he claimed was a "proof brief," which he stated that he filed in federal appeals court; said pages made an argument regarding how one is not guilty of importuning if the officer posed as a sixteen-year old and claimed that the Chief testified in federal court that, in the third chat transcript, he provided a January 16, 1988 date of birth. However, appellant did not attach any transcripts from federal court.[2]

**¶{21}** He did not submit his own affidavit in support. See *Toledo Bar Assn. v. Neller*, 102 Ohio St.3d 1234, 2004-Ohio-2895, ¶1, 21, 24 (in Ohio, an affidavit must be under oath as opposed to an unsworn statement by the writer that the contents are correct). Thus, he did not provide a statement that he was unaware of the birth date issue at the time of his plea. Moreover, he did not explain why he waited nearly five years to seek plea withdrawal. From reading the pages out of some attached brief, it

---

[2]Regarding appellant's statement in his supplemental brief that he thought his current appellate attorney was ordering the federal transcripts, we note that if they were not presented to the trial court, they cannot be presented to this court on appeal. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 406.

can be discerned that he heard the Chief testify in federal court in January of 2006. However, his plea withdrawal motion was not filed until January of 2009. This lack of explanation regarding timing factors is against his claim as well. *Smith*, 49 Ohio St.2d at 264. Contrary to his suggestion, receipt of a copy of a brief for a federal appeal does not excuse his repeated failures to recognize the issue; presumably he attended his own federal criminal trial.

¶{22} For all of these reasons, appellant's motion was not sufficiently drafted or supported to require the trial court to hold a hearing on it or to grant it outright. That is, he failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. *McFarland*, 7th Dist. No. 08JE25 at ¶22; *State v. Jordan*, 10th Dist. No. 04AP-42, 2004-Ohio-6836, ¶5 (one seeking to withdraw a guilty plea following the imposition of sentence bears the burden of establishing a manifest injustice by pointing to specific facts either contained in the record or supplied through affidavits submitted with the motion.) Thus, appellant's pro se argument is overruled.

COUNSEL'S ASSIGNMENT OF ERROR

¶{23} Appellant's sole assignment of error and issue presented provide respectively:

¶{24} "THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT A HEARING REGARDING MR. BLACK'S MOTION TO VACATE HIS GUILTY PLEA."

¶{25} "Was Mr. Black's guilty plea knowingly, voluntarily, and intelligently made?"

¶{26} Appellant's counsel claims appellant should be permitted to withdraw his plea, alleging that it was not knowing, voluntary, or intelligent because the trial court misinformed appellant regarding post-release control. However, this argument was never presented to the trial court, and one cannot raise arguments such as this for the first time on appeal. See, e.g., *State v. Awan* (1986), 22 Ohio St.3d 120, syllabus; *State v. Barker* (1978), 53 Ohio St.2d 135, 147. In any event, this appellate argument would fail even if it had been raised below.

¶{27} Appellant concedes that he was properly advised of the mandatory five years of post-release control he would face after prison and of the fact that if he violated post-release control, he could be sent back to prison in increments of nine

months, not to exceed a maximum of one-half of the total term imposed for the offense. (Tr. 13, 21). He points out, however, that the court then stated that if he committed a new felony, he could be sent back to prison for twelve months. (Tr. 13).

¶{28} As appellant points out, the law actually states that if he committed a new felony while on post-release control, he could receive a prison term for the violation of post-release control up to a maximum of *the greater of* twelve months *or* the period of post-release control for the earlier felony minus any time he spent on post-release control. See R.C. 2929.141(B)(1). However, under the following analysis, the court's incomplete oral advice regarding the potential commission of a new felony does not warrant plea withdrawal.

¶{29} Initially, it is notable that in imposing a prison term on an offender, a court is statutorily-required to notify the offender that he will be supervised under R.C. 2967.28 if he is being sentenced for a felony sex offense. R.C. 2929.19(B)(3)(c). The court is also statutorily-required to notify the offender that if he violates post-release control, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(3)(e). However, this notification statute does not state the offender must be told the ramifications of committing a new felony while on post-release control. See R.C. 2929.19(B)(3).

¶{30} In addition, when the Supreme Court discussed the omissions from post-release notifications in *Sarkozy*, the Court did not mention the failure to advise the defendant about the sanctions for the commission of a new felony while on post-release control. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509. Rather, the Court took issue only with the failure to advise the pleading defendant that he would be subject to a mandatory five-year term of post-release control and that the violation of the conditions of post-release control could result in a prison term of up to one-half of the original prison term. Id. at ¶15, 23-24. This supports the conclusion that the notification regarding the commission of a new felony is not part of the requirements for a knowing, intelligent, and voluntary plea.

¶{31} Furthermore, even if this were a partial, as opposed to a full, post-release control notification, vacation of the plea is not required. Pursuant to Crim.R. 11(C)(2)(a), the court must determine that the defendant is making the plea voluntarily,

with understanding of the nature of the charge and of the maximum penalty involved. This is the provision said to be implicated in the case of a faulty post-release control notification. See *Sarkozy*, 117 Ohio St.3d 86 at ¶8-11.

**¶{32}** Partial post-release control notifications at a plea hearing are evaluated under the substantial compliance test for non-constitutional rights. Id. at ¶20, 23. Under this test, the appellate court reviews the totality of the circumstances concerning the plea to determine whether appellant subjectively understood the effect of the plea. Id. The defendant must also show prejudice from the lack of full compliance in order to warrant plea withdrawal, i.e. he must show the plea would not have otherwise been made. Id. See, also, *State v. Berch*, 7th Dist. No. 08MA52, 2009-Ohio-2895, ¶27-35 (confusion over mandatory or discretionary nature of post-release control does not invalidate plea where court advised of the correct term and of the sanctions for violation of the terms).

**¶{33}** Here, the court recited the elements of the offense of importuning. (Tr. 13-14). Appellant answered that he understood these elements. (Tr. 14). The court informed appellant that the maximum prison term was twelve months in prison for fifth-degree felony importuning. (Tr. 12-13). As aforementioned, the court properly advised appellant that he was subject to a mandatory term of five years of post-release control. (Tr. 13, 21). See R.C. 2929.19(B)(3)(c); R.C. 2967.28(B)(1). The court also correctly advised that if he violated post-release control, he could be sent back to prison in increments of nine months not to exceed a maximum of one-half of the total term imposed for the offense. (Tr. 13). See R.C. 2929.19(B)(3)(e); R.C. 2967.28(F)(3).

**¶{34}** The court then stated that commission of a new felony while on post-release control could result in being sent back to prison for twelve months. (Tr. 13). Although the actual language is *the greater of* twelve months *or* the time remaining on post-release control, the above disclosures constitute substantial compliance with Crim.R. 11(C)(2)(a), especially considering that the sanction for committing a new felony is not a statutorily-required notification in R.C. 2929.19(B)(3).

**¶{35}** To further support this holding, it should be pointed out that paragraph 4 on page 2 of the written "Judicial Advice to Defendant" correctly imparts the

information regarding the sanctions for the commission of a new felony. Moreover, in "Defendant's Response to Court," appellant specifically answered that he understood everything stated in the Judicial Advice. Appellant signed this document, and appellant stated in open court that he went over the Judicial Advice and the Defendant's Response with his counsel and that he had no questions regarding these documents besides a question as to how he would serve post-release control in Kentucky. (Tr. 9-10).

¶{36} This establishes that the defendant was aware of the consequences for committing a new felony prior to the time of his plea. See *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶53, 55 (considering the written agreement in evaluating whether the totality of the circumstances showed that the defendant was aware of the information omitted due to substantial rather than strict compliance). As such, there was substantial compliance with Crim.R. 11(C)(2)(a), and prejudice to appellant from the partial oral disclosure of the consequences of a new felony is lacking.

¶{37} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, J., concurs.